FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 1 0 2014

JAMES N. HATTEN, CLERK
BY: _____
Deputy Clerk

Case No.: 1:13-CV-4122

KEN JOSEPH

    Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC;
McCURDY & CANDLER; and
U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE

    Defendants,

)
)
)
)
)
)
)
)
)
)
)
)
)
)

## PLAINTIFF'S FIRST AMMENDED COMPLAINT

Plaintiff, KEN JOSEPH, hereby sue Defendants, NATIONSTAR

MORTGAGE, LLC; McCURDY & CANDLER, LLC; and U.S.BANK

NATIONAL ASSOCIATION, AS TRUSTEE.

### STANDARD OF REVIEW FO *PRO SE* PLEADINGS

1. Plaintiff admits to some possible technical missteps attributable to the

    learning curve. However, none of which is fatal to his claim as will be

    demonstrated below. The Plaintiff is proceeding without the benefit of

    legal counsel. Additionally, he is not a practicing attorney nor has he

been trained in the complex study of law. As such, Plaintiff's pro se papers are to be construed liberally, see *Haines v. Kerner*, 404 U.S. 519-20, (1972). "A pro se litigant should be given a reasonable opportunity to remedy defects in his pleadings if the factual allegations are close to stating a claim for relief." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Accordingly such pleading should be held to a less stringent standard than those drafted by licensed, practicing attorneys.

## PRELIMINARY STATEMENT

2. This is an action for damages brought against the Defendants NATION STAR MORTGAGE, McCURDY & CANDLER, AND U.S. BANK NATIONAL ASSOCIATION for damages for violations of the Real Estate Settlement Practices Act (RESPA) 12 U.S.C. §2605 *et seq.*; damages for violations of the Truth in Lending Act (TILA) 15 U.S.C. §1641 *et seq.*; Damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*; and for declaratory and injunctive relief.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is conferred by 12 U.S.C. §2614; 15 U.S.C. §1692; and 28 U.S.C. §1331.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391b.

5. This is an action for damages which does not exceed $75,000.00.

6. Plaintiff, Ken Joseph is a resident of the State of Georgia and Because the nature and cause of these proceedings involves matters and disputes in controversy surrounding the subject property LOT 155, 5TH DISTRICT, GWINNETT COUNTY, GEORGIA, AND BEING SHOWN AS LOT 6, BLOCK A, UNIT ONE, MIDDLETON SUBDIVISION, AS PER PLAT RECORDED IN THE PLAT BOOK 87, PAGE 62, GWINNETT COUNTY, GEORGIA RECORDS, commonly known as 596 Middleton place, Grayson, GA, 30017; thus this Court is the appropriate venue in which these proceedings may be commenced.

## PARTIES

7. Plaintiff, KEN JOSEPH ("Plaintiff") is an adult natural person and a consumer as defined by 15 U.S.C. §1692 a(3).

8. Plaintiff KEN JOSEPH's obligation due to a creditor other than Defendants arises from an alleged mortgage loan.

9. NATIONSTAR MORTGAGE, LLC ("NATIONSTAR"), is a "debt collector" as defined by 15 U.S.C .§1692 a(6), and a limited liability company organized under the law of the State of Delaware with its

principal place of business in the State of Texas located at 350 Highland Drive, Lewisville, Texas 75067.

10. Defendant, NATIONSTAR may be served by personal service upon its registered agent in the State of Georgia: 40 Technology parkway south, suite #300 Norcross, GA 30092.

11. Defendant, McCURDY & CANDLER is a "debt collector" as defined by 15 U.S.C. §1692 a(6) is a limited liability Corporation, authorized to do business in Georgia. It Registered agent is Gelernter, Sidney A. at 3525 Piedmont Road Six Piedmont Center, Suite 700 Atlanta GA 30305.

12. Upon information and belief Defendant, U.S.BANK NATIONAL ASSOCIATION ("U.S. BANK"), operates as a bank which offers loans and depositary services. It is based in Cincinnati, Ohio. U.S. BANK is a subsidiary of U.S. Bancorp and authorized to do business in Georgia.

13. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

14. Plaintiff also brings this action in seeking relief for the violations describe herein and also for declaratory relief as to what (if any) party,

entity or individual or group thereof is the owner of the promissory Note executed at the time of the loan closing.

15. On or about January 10, 2007, Plaintiff acquired the subject property by warranty deed.

16. Plaintiff allegedly entered into a promissory Note ("Note") with the alleged original lender Bayrock Mortgage Corporation. Plaintiff made payments to an alleged creditor that allegedly advanced Plaintiff money.

17. Said alleged creditor did not advance Plaintiff money through the securitization chain but instead allegedly advanced Plaintiff money directly from an escrow account. This account is a Superfund, that commingled the money of all investors without regard to REMICS, trusts or any other entity to whom the alleged Note was allegedly made payable and for which the alleged Deed of Trust allegedly secured an interest in the property never consummated any financial transaction with Plaintiff.

18. NATIONSTAR regularly collects, or attempts to collect, debts owed or due, or asserted to be owed or due.

19. NATIONSTAR is a mortgage loan service and began servicing Plaintiff's mortgage after the alleged date of default.

20. NATIONSTAR and McCURDY & CANDLER is a debt collector subject to provisions of the FDCPA.

21. Defendants NATIONSTAR & McCURDY & CANDLER attempt to collect on a mortgage loan initiated by Plaintiff for their personal residence and family purpose.

22. In attempting to collect a debt allegedly due from Plaintiff to a Creditor, U.S. BANK, NATIONSTAR & McCURDY & CANDLER communicated with the Plaintiff in a way that violates the FDCPA.

23. On or about November 15, 2013, Plaintiff receive a letter Titled "NOTICE PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. 1692 INITIAL COMMUNICATION LETTER" in the mail address from Defendant McCurdy & Candler, LLC.

24. The notice was dated November 12, 2013 stated that "This law firm represents U.S. Bank, National Association, as Trustee for The Holders of The Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-AB1." The letter was not signed by anyone.

25. This letter also stated that "Nationstar Mortgage, LLC may have previously sent you a letter about possible option to avoid foreclosure,

with the documents you would need to complete and return to Nationstar

Mortgage, LLC to be evaluated for these alternatives. If you did not

receive or no longer have the letter, or have not returned all of the

required documents, please contact Nationstar Mortgage, LLC at (888)

850-9398 ext. 3705.

26. In the bottom of the notice stated that:

> *"This letter is an attempt to collect a debt and any information obtain by virtue of it will be used for that purpose. Unless you notify us within (30) days after receipt of this letter and the validity of this debt, or any portion of it, is disputed, we will assume that the debt is valid. If you notify us in writing of a dispute, we will obtain verification of the debt and mail it to you. If the creditor named in this letter is not the original creditor, and you make a written request to this law firm with thirty (30) days after receipt of this notice, then the name and address of the original creditor will be mailed to you by this law firm. We may commence the foreclosure action without waiting thirty (30) days, if so requested by our client."*

27. On or about November 15, 2013, Plaintiff receive a second notice titled

"Notice of Acceleration & foreclosure sale" letter in the mail address to

Plaintiff, Ken Joseph from Defendant McCurdy & Candler, LLC.

28. The notices were both dated November 12, 2013. This one stated that

"The Secured Creditor has referred your Loan to this law firm for

foreclosure." The notice was not signed by anyone.

29. The notice also stated that: "Pursuant to O.C.G.A. Section 44-14-162.2,

the entity who has full authority to discuss, negotiate, or change all terms

of the mortgage with you concerning the foreclosure alternatives is Nationstar Mortgage, LLC.

30. The notice further states that "A failure to comply with the terms of your Loan with U.S. Bank, National Association, as Trustee for The Holders of The Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-AB1 has created a default.

31. In my recent conversation with NATIONSTAR, a representative name Kimberly Brinkley stated that Nationstar had acquired their servicing rights through the previous servicer, Bank of America N.A., a none party entity, However, she provided no legal proof.

32. Section 22 of the Mortgage state that:

Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; an (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale." **(see exhibit "A" )**

33. The Defendants has not complied with section 22 of the mortgage and the Plaintiff has not been given the opportunity to cure said default. Therefore, the Plaintiff cannot proceed with said foreclosure until all conditions precedent is met.

34. The Defendant s did not afford Plaintiff due process of the law, I sent several request for debt validation via certified mail, under the FDCPA they should have stopped collection efforts until such time that they provided the validation (proof) of the debt.

35. In one of the replies from Defendant NATIONSTAR stated: "You have asked for information or documents regarding the origination of your mortgage loan, the transfer of ownership of your loan and the transfer of servicing right to you loan. Specifically requested were the Committee on Uniform Security Identification Procedures (CUSIP) and the MERS MIN Summary. These requests are not related to the servicing of the loan and do not identify any specific error regarding the servicing of the loan." (see EXHIBIT "E")

36. These are evidences that Defendant NATIONSTAR does not have firsthand knowledge information, servicing right or right to collect any money from the Plaintiff.

37. Defendant NATIONSTAR violates the FDCPA by continuing collection activities without properly answer Plaintiff' Qualify Written Requests and request for validations.

38. In a package dated October 21, 2013, a reply to my debt dispute. It includes an alleged Detail Transaction History from October 16, 2013. The Plaintiff dispute letter request a detail from inception of the note.

39. Plaintiff accounting records does not match the defendant's record.

40. Plaintiff was charged illegal foreclosure Attorney's cost and fees three other separate times, which constitute a violation of the Fair Debt Collection Practices ACT (FDCPA). **(See exhibit "B")**

41. Plaintiff never received notice of transfer of assignment from the Defendant which is required by both State and Federal law and is a breach of agreement.

42. Defendants also violated the Georgia law requirements for mailing notice to a debtor.

43. OCGA§44-14-162.2. was an amended Act for procedure for foreclosures in Georgia.

44. Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor

by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor. The notice required by this Code section shall be deemed given on the official postmark day or day on which it is received for delivery by a commercial delivery firm. Nothing in this subsection shall be construed to require a secured creditor to negotiate, amend, or modify the terms of a mortgage instrument.[emphasis added]

45. Neither of the Defendants has legally proven that they are the creditor, secured creditor/note holder in due course and thereby advertised the sale to auction of Plaintiff' home.

46. Neither by proper assignment or legal documentation have the Defendants provided verification of their standing as agent, attorney, debt collector, lender, note holder, holder in due course, servicer, investor, trustee, or otherwise in the matter.

47. One of the basic tenets of FDCPA is that collectors must validate the debt and creditors must verify (not validate) their standing as "creditors." The Defendants steadfastly refused to verify their standing as "creditors", and as such forfeit their standing as "creditors" to any alleged debt owed by the Plaintiff.

48. Defendants U.S. BANK and McCURDY & CANDLER continue to send Packets of information that I've already obtained from the county recorder's office and do not constitute validation pursuant to the statute.

49. Defendant U.S. BANK, whom McCURDY & CANDLER is claiming to be the Secure Creditor/ Owner of the note, has said in a letter dated October 7th, 2013 responding to the Plaintiff' request to settle any and all debt owe (**see attached exhibit "C"**) and said:

   a. **U.S. BANK is merely the trustee for the Trust that owns your mortgage and note.**
   b. **The Trust is the owner of the mortgage and note.**
   c. **Please note that the Trust is the owner of your mortgage and note, not the trustee.**
   d. **It is the servicer who has taken all action regarding your property.**

50. Defendants U.S. BANK nor Nationstar, the alleged foreclosing parties does not hold an assignment of mortgage to initiate foreclosure proceedings.

51. Even if the Defendants have the right to foreclose, they must first meet all condition precedent in order to commence the foreclosure process. Complying with states and federal statutes as well as the mortgage agreement such as Section 22, which provided that the lender was required to give notice to the borrower before acceleration and that the notice must specify the default, the action required to cure the default, and a date final for cure of the default. The notice must also inform the borrower that the failure to cure the default before the specified date could result in acceleration or foreclosure.

52. In addition, Section 22 provided that the notice must inform the borrower of the right to reinstate the mortgage after acceleration and the right to assert the nonexistence of default or any other defense in a subsequent foreclosure proceeding.

**COUNT I**
**VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA), 12 U.S.C. §2605 BY DEFENDANT NATIONSTAR AND U.S. BANK**

53. Paragraphs 1 through 54 are re-alleged as though fully set forth herein.

54. Defendants NATIONSTAR is a servicer of a federally related mortgage loan within the meaning of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2605.

55. Plaintiff' written requests for information about his account and correction of Defendants' numerous errors were ''qualified written requests'' within the meaning of RESPA. **(See exhibit "D")**

56. NATIONSTAR deliberately failed to respond in a proper and timely way to Plaintiff' ''qualified written requests'' for information about, and corrections to, his mortgage account, in violation of 12 U.S.C. §2605(e).

**WHEREFORE**, Plaintiff demands judgment against NATIONSTAR for a proper accounting and application of his mortgage payments and for actual, statutory, treble and/or punitive damages, and attorney's fees and costs, along with any other and further relief as the court deems just and proper, pursuant to12 U.S.C. §2605.

## COUNT II
## VIOLATION OF TRUTH IN LENDING ACT (TILA), 15 U.S.C. §1641 BY DEFENDANTS U.S. BANK

57. Paragraphs 1 through 54 are re-alleged as though fully set forth herein.

58. A new creditor must provide notice of its status pursuant to 15 U.S.C. §1641(g):

(1) In general

In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or

assignee of the debt shall notify the borrower in writing of such transfer, including—

    (A) The identity, address, telephone number of the new creditor;

    (B) The date of transfer;

    (C) How to reach an agent or party having authority to act on behalf of the new creditor;

    (D) The location of the place where transfer of ownership of the debt is recorded; and

    (E) Any other relevant information regarding the new creditor.

No such notice was provided from the U.S BANK.

    **WHEREFORE**, Plaintiff demands judgment for damages against U.S BANK for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1640(a)

## COUNT III VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS NATIONSTAR, McCURDY & CANDLER, AND U.S. BANK

59.  Paragraphs 1 through 54 are re-alleged as though fully set forth herein.

60.  Plaintiff are consumers within the meaning of the FDCPA, 15 U.S.C. §1692a (3).

61.  Defendants NATIONSTAR, McCURDY & CANDLER, AND U.S.BANK are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a (6).

62. Defendants NATIONSTAR, McCURDY & CANDLER, AND U.S.BANK in their notices sent to Plaintiff admitted that they are debt

collectors and assert that: "THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." They also obtained the alleged loan while in default and therefore subject to the rules of THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §§ 1692-1692p.

63. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

(b) violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

(c) violated 15 U.S.C. §1692e(5) by threating to take any action that cannot legally be taken or that is not intended to be taken.

(d) violated 15 U.S.C. §1692e(6) by sale or transfer of any interest in the debt will cause the consumer to lose any claim or defense to payment of the debt.

(e) violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(f) violated 15 U.S.C. §1692e(14) by the use of any name other than the true name of the debt collector's business.

(g) violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the document above will be sent by first class mail USPS to counsel of record listed below for Defendants.

McCurdy & Candler, LLC
Six Piedmont Center, Suite 700
3525 Piedmont Road, NE
Atlanta, GA 30305

NATIONSTAR MORTGAGE, LLC
c/o
McCurdy & Candler, LLC
Six Piedmont Center, Suite 700
3525 Piedmont Road, NE
Atlanta, GA 30305

U.S. BANK NATIONAL ASSOCIATION
c/o
McCurdy & Candler, LLC
Six Piedmont Center, Suite 700
3525 Piedmont Road, NE
Atlanta, GA 30305

Dated: January 9th, 2014

Ken Joseph
596 Middleton Place
Grayson, GA 30017
Phone: 443-831-8884
Email: sem252525@aol.com

**WHEREFORE,** Plaintiff demands judgment for damages against NATIONSTAR; McCURDY & CANDLER, AND U.S. BANK for:

a. Actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k;

b. That the Court orders a Temporary and Permanent Injunction precluding the foreclosure sale of the property or any other disposition of the subject property;

c. That the Defendants be required to each pay damages to the Plaintiff for the violations of the Fair Debt Collection Act;

d. such other relief as may be just.

## DEMAND FOR JURY TRIAL

**Plaintiff' hereby demands a trial by jury of all issues so triable as a matter of law.**

Dated: January 9th, 2014

Respectfully submitted,

_____

Ken Joseph

_____

Glenda Joseph
596 Middleton Place,
Grayson, GA 30017
443-831-8884
Sem252525@aol.com

# VERIFICATION

I, Ken Joseph, have read the foregoing complaint and examined any appendices referenced therein. The facts stated in the complaint are true. The appendices are true and fair copies of the recited instruments.

_____          1-9-14
Ken Joseph                                date signed

The above named Affiant appeared before me, a Notary, subscribed, sworn

under oath this _____9TH_____ day of Jan., 2014.

_____
Notary

My commission expires: ___07/23/2017___

EXHIBIT "A"

BK4751|PG0677

adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale granted by Borrower and any other remedies permitted by Applicable Law. Borrower .appoints Lender the agent and *attorney-in-fact* for Borrower to exercise the power of sale. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give a copy of a notice of sale by public advertisement for the time and in the manner prescribed by Applicable Law. Lender, without further demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Lender determines. Lender or its designee may purchase the Property at any sale.

BK4751 1PG0678

Lender shall convey to the purchaser indefeasible title to the Property, and Borrower hereby appoints Lender Borrower's agent and attorney-in-fact to make such conveyance. The recitals in the Lender's deed shall be prima facie evidence of the truth of the statements made therein. Borrower covenants and agrees that Lender shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it. The power and agency granted are coupled with an interest, are irrevocable by death or otherwise and are cumulative to the remedies for collection of debt as provided by Applicable Law.

If the Property is sold pursuant to this Section 22, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant holding over and may be dispossessed in accordance with Applicable Law.

23. Release. Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. Waiver of Homestead. Borrower waives all rights of homestead exemption in the Property.

25. Assumption Not a Novation. Lender's acceptance of an assumption of the obligations of this Security Instrument and the Note, and any release of Borrower in connection therewith, shall not constitute a novation.

26. Security Deed. This conveyance is to be construed under the existing laws of the State of Georgia as a deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby.

[ THIS SPACE LEFT INTENTIONALLY BLANK ]

EXHIBIT "B"

```
LOAN# 609869086      INV# BU6      POOL# 0000001  INV LN# 0121293618 NEXT DUE  8/01/10   INTEREST RATE  2.000   PRIN.BAL   234,537.87
BORR1 KEN JOSEPH                   TYPE: 03-00 Conv/Unins   STATUS R TOT.DELQ11,811.26   SUSP-23SB        .00   ESC.BAL         .00
BORR2 GLENDA JOSEPH                MSGS: 87 61 08  #PMT D00039   P&I   36,644.79          SUSP-SUBS        .00   ESC.ADV   16,849.58
PROP: 596 MIDDLETON PL             MAIL: 596 MIDDLETON PL                                SUSP-HAZ         .00   TOT.PMT    1,357.54
                                                                  SRVFEES .05000         SUSP-FOR         .00   P&I          939.61
      GRAYSON      GA 30017        GRAYSON          GA 30017      YDIFF   .00000         SUSP-MIS         .00   ESC.PMT      417.93
                                                              INT PD TO  7/01/10         P&I SHORT        .00   CORP AD   57,693.10-
```

```
---TRANSACTION----             NEXT -AFTER TRANS.BALANCES-   TOTAL  ----------------APPLIED----------------  MISC.PMT$
NBR   DATE   CODE -----DESCRIPTION------  DUE  PRINCIPAL   ESCROW   AMOUNT  PRINCIPAL INTEREST  ESCROW SUSPENSE/CD &SRV.FEES

112 10/16/13 6226 CORP ADV DISB          8/10 234537.87      .00   675.00-       .00      .00     .00   675.00-26
            PAYEE 61MCURD #0001237531 DUE 10/11/13
            S/F SC  REF# 0001237531
111 10/16/13 6226 CORP ADV DISB          8/10 234537.87      .00   160.00-       .00      .00     .00   160.00-26
            PAYEE 61MCURD #0001237531 DUE 10/11/13
            S/F SC  REF# 0001237531
110 10/16/13 6226 CORP ADV DISB          8/10 234537.87      .00     7.63-       .00      .00     .00     7.63-26
            PAYEE 61MCURD #0001237531 DUE 10/11/13
            S/F SC  REF# 0001237531
109  9/18/13 6226 CORP ADV DISB          8/10 234537.87      .00    12.00-       .00      .00     .00    12.00-26
            PAYEE 63SAFGD #0001231108 DUE  9/17/13
            S/F SC  REF# 0001231108
108  9/18/13 6031 COUNTY TAX   DISBURSED 8/10 234537.87      .00  4003.39-       .00      .00 4003.39-    .00
            PAYEE 31GA01U #TAR 7851 G DUE 11/15/12
            S/F WR  REF# TAR 7851 GA
107  9/18/13 1931 COUNTY TAX   ADVANCE   8/10 234537.87  4003.39  4003.39        .00      .00 4003.39     .00
            S/F WR  REF# TAR 7851 GA
106  9/16/13 1499 ZZZZF-Late Charges     8/10 234537.87      .00    46.98        .00      .00     .00     .00      46.98 01
            S/F     REF#
105  8/16/13 2664 NON CASH FEE ADJ       8/10 234537.87      .00    46.98-       .00      .00     .00     .00      46.98-01
            S/F WC  REF#
104  8/16/13 1499 ZZZZF-Late Charges     8/10 234537.87      .00    46.98        .00      .00     .00     .00      46.98 01
            S/F     REF#
103  7/19/13 6226 CORP ADV DISB          8/10 234537.87      .00    12.00-       .00      .00     .00    12.00-26
            PAYEE 63SAFGD #0001216688 DUE  7/18/13
            S/F SC  REF# 0001216688
102  7/16/13 2664 NON CASH FEE ADJ       8/10 234537.87      .00    46.98-       .00      .00     .00     .00      46.98-01
            S/F WC  REF#
101  7/16/13 1499 ZZZZF-Late Charges     8/10 234537.87      .00    46.98        .00      .00     .00     .00      46.98 01
            S/F     REF#
100  7/08/13 2676 CORP ADV NOCASH ADJ    8/10 234537.87      .00 56370.32-       .00      .00     .00 56370.32-26
     Effective date:  3/05/10
            S/F AD  REF# 0000
 99  7/08/13 2676 CORP ADV NOCASH ADJ    8/10 234537.87      .00     7.25-       .00      .00     .00     7.25-26
     Effective date:  8/01/12
            S/F AD  REF# 0000
 98  7/08/13 2576 CORP ADV NOCASH ADJ    8/10 234537.87      .00   241.10        .00      .00     .00   241.10 26
     Effective date:  6/05/13
            S/F AD  REF# 0000
 97  7/08/13 2676 CORP ADV NOCASH ADJ    8/10 234537.87      .00   250.00-       .00      .00     .00   250.00-26
     Effective date:  6/01/12
            S/F AD  REF# 0000
 96  7/08/13 2676 CORP ADV NOCASH ADJ    8/10 234537.87      .00    15.00-       .00      .00     .00    15.00-26
```

SR497CR-02               Nationstar Mortgage LLC           10/21/13   9:09:00
JDUVALL                 DETAIL TRANSACTION HISTORY           JOB DT: 10/21/13
                                                             PAGE:     3

| NBR | TRANSACTION DATE | CODE | DESCRIPTION | NEXT DUE | AFTER TRANS. PRINCIPAL | BALANCES ESCROW | TOTAL AMOUNT | APPLIED PRINCIPAL | INTEREST | ESCROW | SUSPENSE/CD | MISC.PMTS &SRV.FEES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | LOAN# 609869086    CONTINUED | | | | | | | | | |
| 77 | 1/17/13 | 2664 | NON CASH FEE ADJ S/F WC REF# | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
| 76 | 12/17/12 | 2664 | NON CASH FEE ADJ S/F WC REF# | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
| 75 | 11/17/12 | 2664 | NON CASH FEE ADJ S/F WC REF# | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
| 74 | 10/17/12 | 2664 | NON CASH FEE ADJ S/F WC REF# | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
| 73 | 9/17/12 | 2664 | NON CASH FEE ADJ S/F WC REF# | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
| 72 | 8/17/12 | 2664 | NON CASH FEE ADJ S/F WC REF# | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
| 71 | 7/17/12 | 2664 | NON CASH FEE ADJ S/F WC REF# | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
| 70 | 6/17/12 | 2664 | NON CASH FEE ADJ S/F WC REF# | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
| 69 | 5/17/12 | 2664 | NON CASH FEE ADJ S/F WC REF# | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
| 68 | 4/17/12 | 2664 | NON CASH FEE ADJ S/F WC REF# | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
| 67 | 3/17/12 | 2664 | NON CASH FEE ADJ S/F WC REF# | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
| 66 | 2/17/12 | 2664 | NON CASH FEE ADJ S/F WC REF# | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
| 65 | 1/17/12 | 2664 | NON CASH FEE ADJ S/F WC REF# | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
| 64 | 12/17/11 | 2664 | NON CASH FEE ADJ S/F WC REF# | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
| 63 | 11/17/11 | 2664 | NON CASH FEE ADJ S/F WC REF# | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
| 62 | 10/17/11 | 2664 | NON CASH FEE ADJ S/F WC REF# | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
| 61 | 9/17/11 | 2664 | NON CASH FEE ADJ S/F WC REF# | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
| 60 | 8/17/11 | 2664 | NON CASH FEE ADJ S/F WC REF# | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
| 59 | 7/17/11 | 2664 | NON CASH FEE ADJ S/F WC REF# | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
| 58 | 6/17/11 | 2664 | NON CASH FEE ADJ S/F WC REF# | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
| 57 | 5/17/11 | 2664 | NON CASH FEE ADJ S/F WC REF# | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
| 56 | 4/17/11 | 2664 | NON CASH FEE ADJ S/F WC REF# | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
| 55 | 3/17/11 | 2664 | NON CASH FEE ADJ S/F WC REF# | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
| 54 | 2/17/11 | 2664 | NON CASH FEE ADJ S/F WC REF# | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
| 53 | 1/17/11 | 2664 | NON CASH FEE ADJ S/F WC REF# | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
| 52 | 12/17/10 | 2664 | NON CASH FEE ADJ | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |

SR497CR-02                        Nationstar Mortgage LLC               10/21/13  9:09:00
JDUVALL                       DETAIL TRANSACTION HISTORY           JOB DT:  10/21/13
                                                         PAGE:    4

LOAN# 609869086          CONTINUED

| NBR | DATE | CODE | DESCRIPTION | NEXT DUE | AFTER TRANS. PRINCIPAL | BALANCES ESCROW | TOTAL AMOUNT | PRINCIPAL | INTEREST | ESCROW | SUSPENSE/CD | MISC.PMTS &SRV.FEES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | S/F WC  REF# | | | | | | | | | |
| 51 | 11/17/10 | 2664 | NON CASH FEE ADJ | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
| | | | S/F WC  REF# | | | | | | | | | |
| 50 | 10/17/10 | 2664 | NON CASH FEE ADJ | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
| | | | S/F WC  REF# | | | | | | | | | |
| 49 | 9/17/10 | 2664 | NON CASH FEE ADJ | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
| | | | S/F WC  REF# | | | | | | | | | |
| 48 | 8/17/10 | 2664 | NON CASH FEE ADJ | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
| | | | S/F  REF# | | | | | | | | | |
| 47 | 6/17/13 | 1499 | ZZZZF-Late Charges | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| | | | S/F  REF# | | | | | | | | | |
| 46 | 5/17/13 | 1499 | ZZZZF-Late Charges | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| | | | S/F  REF# | | | | | | | | | |
| 45 | 4/17/13 | 1499 | ZZZZF-Late Charges | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| | | | S/F  REF# | | | | | | | | | |
| 44 | 3/17/13 | 1499 | ZZZZF-Late Charges | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| | | | S/F  REF# | | | | | | | | | |
| 43 | 2/17/13 | 1499 | ZZZZF-Late Charges | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| | | | S/F  REF# | | | | | | | | | |
| 42 | 1/17/13 | 1499 | ZZZZF-Late Charges | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| | | | S/F  REF# | | | | | | | | | |
| 41 | 12/17/12 | 1499 | ZZZZF-Late Charges | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| | | | S/F  REF# | | | | | | | | | |
| 40 | 11/17/12 | 1499 | ZZZZF-Late Charges | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| | | | S/F  REF# | | | | | | | | | |
| 39 | 10/17/12 | 1499 | ZZZZF-Late Charges | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| | | | S/F  REF# | | | | | | | | | |
| 38 | 9/17/12 | 1499 | ZZZZF-Late Charges | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| | | | S/F  REF# | | | | | | | | | |
| 37 | 8/17/12 | 1499 | ZZZZF-Late Charges | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| | | | S/F  REF# | | | | | | | | | |
| 36 | 7/17/12 | 1499 | ZZZZF-Late Charges | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| | | | S/F  REF# | | | | | | | | | |
| 35 | 6/17/12 | 1499 | ZZZZF-Late Charges | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| | | | S/F  REF# | | | | | | | | | |
| 34 | 5/17/12 | 1499 | ZZZZF-Late Charges | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| | | | S/F  REF# | | | | | | | | | |
| 33 | 4/17/12 | 1499 | ZZZZF-Late Charges | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| | | | S/F  REF# | | | | | | | | | |
| 32 | 3/17/12 | 1499 | ZZZZF-Late Charges | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| | | | S/F  REF# | | | | | | | | | |
| 31 | 2/17/12 | 1499 | ZZZZF-Late Charges | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| | | | S/F  REF# | | | | | | | | | |
| 30 | 1/17/12 | 1499 | ZZZZF-Late Charges | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| | | | S/F  REF# | | | | | | | | | |
| 29 | 12/17/11 | 1499 | ZZZZF-Late Charges | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| | | | S/F  REF# | | | | | | | | | |
| 28 | 11/17/11 | 1499 | ZZZZF-Late Charges | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| | | | S/F  REF# | | | | | | | | | |
| 27 | 10/17/11 | 1499 | ZZZZF-Late Charges | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| | | | S/F  REF# | | | | | | | | | |

SR497CR-02       Nationstar Mortgage LLC     10/21/13  9:09:00
JDUVALL        DETAIL TRANSACTION HISTORY    JOB DT:  10/21/13
                            PAGE:  5

| ---TRANSACTION---- | | | NEXT | -AFTER TRANS. | BALANCES- | TOTAL | ---------------APPLIED---------------- | | | | MISC.PMTS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| NBR | DATE | CODE -----DESCRIPTION------ | DUE | PRINCIPAL | ESCROW | AMOUNT | PRINCIPAL | INTEREST | ESCROW | SUSPENSE/CD | &SRV.FEES |

LOAN# 609869086    CONTINUED

| NBR | DATE | CODE DESCRIPTION | DUE | PRINCIPAL | ESCROW | AMOUNT | PRINCIPAL | INTEREST | ESCROW | SUSPENSE/CD | &SRV.FEES |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 26 | 9/17/11 | 1499 ZZZZF-Late Charges S/F  REF# | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| 25 | 8/17/11 | 1499 ZZZZF-Late Charges S/F  REF# | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| 24 | 7/17/11 | 1499 ZZZZF-Late Charges S/F  REF# | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| 23 | 6/17/11 | 1499 ZZZZF-Late Charges S/F  REF# | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| 22 | 5/17/11 | 1499 ZZZZF-Late Charges S/F  REF# | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| 21 | 4/17/11 | 1499 ZZZZF-Late Charges S/F  REF# | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| 20 | 3/17/11 | 1499 ZZZZF-Late Charges S/F  REF# | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| 19 | 2/17/11 | 1499 ZZZZF-Late Charges S/F  REF# | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| 18 | 1/17/11 | 1499 ZZZZF-Late Charges S/F  REF# | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| 17 | 12/17/10 | 1499 ZZZZF-Late Charges S/F  REF# | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| 16 | 11/17/10 | 1499 ZZZZF-Late Charges S/F  REF# | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| 15 | 10/17/10 | 1499 ZZZZF-Late Charges S/F  REF# | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| 14 | 9/17/10 | 1499 ZZZZF-Late Charges S/F  REF# | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| 13 | 8/17/10 | 1499 ZZZZF-Late Charges S/F  REF# | 8/10 | 234537.87 | .00 | 46.98 | .00 | .00 | .00 | .00 | 46.98 01 |
| 12 | 7/05/13 | 2643 ESCROW ADJ S/F LB  REF# | 8/10 | 234537.87 | .00 | 12846.19- | .00 | .00 | 12846.19- | .00 | |
| 11 | 7/05/13 | 19   ESCROW ADVANCE S/F LB  REF# | 8/10 | 234537.87 | 12846.19 | 12846.19 | .00 | .00 | 12846.19 | .00 | |
| 10 | 7/05/13 | 8103 NEW LOAN NOCASH S/F LB  REF# | 8/10 | 234537.87 | .00 | 234537.87- | 234537.87- | .00 | .00 | .00 | |

      * * * * TOTALS * * * *           234537.87-  .00

| ---TRANSACTION---- | | | NEXT | -AFTER TRANS.BALANCES- | | TOTAL | ----------------APPLIED---------------- MISC.PMTS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| NBR | DATE | CODE -----DESCRIPTION------ | DUE | PRINCIPAL | ESCROW | AMOUNT | PRINCIPAL | INTEREST | ESCROW SUSPENSE/CD &SRV.FEES | | |

LOAN# 609869086          CONTINUED

Effective date:  5/26/12
              S/F AD  REF# 0000

| 95 | 7/08/13 | 3576 CORP ADV NOCASH ADJ | 8/10 | 234537.87 | .00 | 10.00 | .00 | .00 | .00 | 10.00 26 | |

Effective date:  6/24/12
              S/F AD  REF# 0000

| 94 | 7/08/13 | 2676 CORP ADV NOCASH ADJ | 8/10 | 234537.87 | .00 | 15.00- | .00 | .00 | .00 | 15.00-26 | |

Effective date:  11/19/11
              S/F AD  REF# 0000

| 93 | 7/08/13 | 2676 CORP ADV NOCASH ADJ | 8/10 | 234537.87 | .00 | 15.00- | .00 | .00 | .00 | 15.00-26 | |

Effective date:  8/25/11
              S/F AD  REF# 0000

| 92 | 7/08/13 | 2676 CORP ADV NOCASH ADJ | 8/10 | 234537.87 | .00 | 15.00- | .00 | .00 | .00 | 15.00-26 | |

Effective date:  7/20/11
              S/F AD  REF# 0000

| 91 | 7/08/13 | 2676 CORP ADV NOCASH ADJ | 8/10 | 234537.87 | .00 | 15.00- | .00 | .00 | .00 | 15.00-26 | |

Effective date:  5/28/11
              S/F AD  REF# 0000

| 90 | 7/08/13 | 2676 CORP ADV NOCASH ADJ | 8/10 | 234537.87 | .00 | 15.00- | .00 | .00 | .00 | 15.00-26 | |

Effective date:  4/23/11
              S/F AD  REF# 0000

| 89 | 7/08/13 | 2676 CORP ADV NOCASH ADJ | 8/10 | 234537.87 | .00 | 15.00- | .00 | .00 | .00 | 15.00-26 | |

Effective date:  2/24/11
              S/F AD  REF# 0000

| 88 | 7/08/13 | 2676 CORP ADV NOCASH ADJ | 8/10 | 234537.87 | .00 | 15.00- | .00 | .00 | .00 | 15.00-26 | |

Effective date:  1/25/11
              S/F AD  REF# 0000

| 87 | 7/08/13 | 2676 CORP ADV NOCASH ADJ | 8/10 | 234537.87 | .00 | 15.00- | .00 | .00 | .00 | 15.00-26 | |

Effective date:  12/30/10
              S/F AD  REF# 0000

| 86 | 7/08/13 | 2676 CORP ADV NOCASH ADJ | 8/10 | 234537.87 | .00 | 15.00- | .00 | .00 | .00 | 15.00-26 | |

Effective date:  11/24/10
              S/F AD  REF# 0000

| 85 | 7/08/13 | 2676 CORP ADV NOCASH ADJ | 8/10 | 234537.87 | .00 | 15.00- | .00 | .00 | .00 | 15.00-26 | |

Effective date:  10/27/10
              S/F AD  REF# 0000

| 84 | 7/08/13 | 2676 CORP ADV NOCASH ADJ | 8/10 | 234537.87 | .00 | 15.00- | .00 | .00 | .00 | 15.00-26 | |

Effective date:  8/23/10
              S/F AD  REF# 0000

| 83 | 7/08/13 | 2676 CORP ADV NOCASH ADJ | 8/10 | 234537.87 | .00 | 270.00- | .00 | .00 | .00 | 270.00-26 | |

Effective date:  6/17/13
              S/F AD  REF# 0000

| 82 | 6/17/13 | 2664 NON CASH FEE ADJ | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
|    |         | S/F WC  REF# | | | | | | | | | |
| 81 | 5/17/13 | 2664 NON CASH FEE ADJ | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
|    |         | S/F WC  REF# | | | | | | | | | |
| 80 | 4/17/13 | 2664 NON CASH FEE ADJ | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
|    |         | S/F WC  REF# | | | | | | | | | |
| 79 | 3/17/13 | 2664 NON CASH FEE ADJ | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
|    |         | S/F WC  REF# | | | | | | | | | |
| 78 | 2/17/13 | 2664 NON CASH FEE ADJ | 8/10 | 234537.87 | .00 | 46.98- | .00 | .00 | .00 | .00 | 46.98-01 |
|    |         | S/F WC  REF# | | | | | | | | | |

EXHIBIT "C"

Certified Receipt #7012 3460 0001 0597 5800

September 27, 2013

Ken and Glenda Joseph
596 Middleton Place
Grayson, GA 30017

US Bank National Associations Trustee for SURF 2007-AB1
One Federal Street, 3rd Floor
Boston, MA 02110

      Re: 596 Middleton Place, Grayson, GA 30017
      Min: 1003780-0011003107-9

As the owner of the mortgage of the property located at 596 Middleton
place, Grayson, GA 30017, you have full authority to negotiate a settlement.

If you are indeed the owner of this alleged debt, please accept this letter as
an offer to settle for 60% of the outstanding balance. Please provide all
relevant proof of ownership and how you arrive with the outstanding
balance including, interest, fees and escrow etc. for my review.

This letter is an attempt to settle any outstanding debt with offer to pay US
Bank National Association as Trustee for SURF 2007-AB.


Best Regards,

Ken Joseph



EP-MN-WS3D
60 Livingston Avenue
St. Paul, MN 55107

October 7, 2013

Mr. Ken & Ms. Glenda Joseph
596 Middleton Place
Grayson, GA 30017

Re:     596 Middleton Place, Grayson, GA  30017

Dear Mr. & Ms. Joseph:

I am writing in response to your letter dated September 27, 2013 that was sent to U.S. Bank.  On behalf of U.S. Bank, I am happy to assist you with this matter to the extent I am able to provide information.  I have researched your mortgage and have determined that U.S. Bank is merely the trustee for the Trust that owns your mortgage and note.  Please note the Trust is the owner of your mortgage and note, not the trustee.  The servicer is the party to the Trust that has the authority and responsibility to make decisions regarding loan modifications or settlement offers for individual mortgage loans in the Trust.  The trustee has no authority or responsibility to review and or approve or disapprove of these decisions.  It is the servicer who has taken all action regarding your property, and has the information you have requested.

In order to address your concerns, you must work with Nationstar, as the servicer for your property.  I forwarded your correspondence to Nationstar, and they responded and assigned **Ms. Kimberly Brinkley** as their representative with whom you can discuss your specific concerns.  You can contact **Ms. Brinkley** directly via telephone at **(ph: 9728941598)** or via email at **kimberly.brinkley@nationstarmail.com**.

While U.S. Bank understands and wishes to assist you with this matter, the servicer is the only party with the authority and responsibility to make decisions regarding your mortgage and they are not affiliated with U.S. Bank in any way.  The trustee does not mediate between the servicer and the investor.  I have included a brochure that further explains the roles of the servicer and trustee that I hope you find helpful.

Please work with Nationstar to address your concerns.  Please directly contact the Nationstar representative that has been provided to you in this letter, so they can assist you in a more timely and efficient manner.

Sincerely,

Michael D. Bengtson
Corporate Trust Services
60 Livingston Ave
St Paul, MN 55107
_michael.bengtson@usbank.com_

EXHIBIT "D"

Ken & Glenda Joseph
596 Middleton Place
Grayson, GA 30017

October 9, 2013

Nationstar Mortgage, LLC
350 Highland Drive
Lewisville, TX 75067

RE: Ken & Glenda Joseph (Account# 09-14424)
596 Middleton Place
Grayson, GA 30017

Dear Sir/Madam:

This is a Qualified Written Request (QWR) as defined by the Real Estate Settlement Procedures Act (RESPA) for information regarding the mortgage loan as referenced above. In addition, this is also a request made pursuant to Section 404 (b) of Public Law 111-22, Section 404(b) for the name, address and telephone number of the holder and owner of the Mortgage Note and for the same information with respect to the Master Servicer of the obligation, as well as Public Law 107-56, 115 Stat. 272 (U.S.A. P.A.T.R.I.O.T. Act). Please note that your failure to respond to this request may result in a civil action by me pursuant to Section 1641(f) of Title 15 of the United States Code.

By my signature below, I authorize you to furnish me with the requested information, and any other information regarding the above account and mortgage loan.

Based on written information you've recently sent me, I've noticed numerous discrepancies. It is unclear *as to who is the* current holder and owner of the original mortgage note. Therefore it is requested that you resolve this uncertainty and dispute by providing me with the following information. You are required to :

1. Pursuant to the U.S.A. P.A.T.R.I.O.T. Act, provide me the accounting and flow of all money as well as the source of funds related to this loan.

2. Provide the Committee on Uniform Security Identification Procedures ("CUSIP") number for the loan application pertaining to this loan;

3. Provide any and all CUSIP numbers pertaining to this loan;

4. Provide a complete and original life of the loan transaction history prepared by the Servicer from its own records using its own system and default servicing personnel;

5. Provide a copy of your Key Loan transaction history, bankruptcy work form, or XLS

spreadsheet of all accounts associated with this mortgage loan;

6. Provide the Transaction Codes related to the loan referenced herein;

7. Provide the Code definitions in plain English;

8. Provide a copy of the MERS MIN Summary and Milestone Reports.

9. Pursuant to the Truth-In-Lending Act, identify the name, address, and telephone number of the owner of my Note and Mortgage/Deed of Trust.

10. Provide copies of all collection notes, collection records, communication files or any other form of recorded data with respect to any communications between you and the debtor;

11. Provide an itemized statement supporting the figure claimed due and owing as of July 17, 2013 in the principal amount of $234,537.87;

12. Provide copies of all written or recorded communications between you and any non-lawyer third parties regarding this mortgage;

13. Provide all P-309 screen shots of the history of all of the accounts, principal, interest, escrow, late charges, legal fees, property inspection fees, broker price opinion fees, statutory expense fees, miscellaneous, corporate advance fees, etc., and as stated above associated with the aforementioned loan.

14. Provide the name and address of the owner of the Note signed by us and secured by the Mortgage Security Deed in the mortgage loan referenced above.

15. Provide the name and address of the entity that legally is the "holder" of the Note signed by us and secured by the Security Deed in the mortgage loan referenced above. If your answer is the same as your answer to #14 above, you may simply reply, "same as #14."

16. Provide the names of all entities to which the Note referenced above has been sold or otherwise transferred at any time, the amount the note sold or transferred for, and the dates that each sale or transfer of the Note occurred.

17. Provide a copy of the Note referenced above showing all endorsements that have occurred, together with any allonge that exists to that Note.

18. Provide the names of all entities to which my Security Deed has been assigned, and the dates that each assignment occurred. If any assignment in blank has occurred, include it and the list of dates with the notation "In Blank" in place of the name of the entity.

19. Provide a copy of each of the assignments reflecting each assignment referenced in #18 above.

20. Provide a copy of each written notice that has been sent to us informing me of the sale or

transfer or assignment of the Note or Security Deed referenced above. You need only include notices sent by you or any corporate affiliate of yours, or notices of which you otherwise have actual knowledge. You need NOT include in any Notice of Transfer of Servicing that may have been sent pursuant to RESPA. This request is only for notices that have been sent in compliance with the Truth-In-Lending Act.

Respectfully,

Ken Joseph

EXHIBIT "E"



Upon receipt of your correspondence, the above mentioned loan and related documents were reviewed and found to comply with all state and federal guidelines that regulate them. As such, the above-mentioned loan account will continue to be serviced appropriate to its status.

As of the date of this correspondence, the account is approximately 39 payments delinquent and contractually next due for the August 01, 2010 monthly installment. Should you have any questions or concerns regarding the account, or if you would like to discuss available payment assistance options, you may work directly with:

Single Point of Contact (SPOC) Information:
Chad Cooper
Phone Number: 469.549.2134
Extension: 5492134

You have asked for information or documents regarding the origination of your mortgage loan, the transfer of ownership of your loan and the transfer of servicing rights to your loan. Specifically requested were the Committee on Uniform Security Identification Procedures (CUSIP) and the MERS MIN Summary. These requests are not related to the servicing of the loan and do not identify any specific error regarding the servicing of the loan. Accordingly, your request does not fall within the scope of information that must be provided.

At Nationstar, customer concerns are important to us. Should you have any general questions other than those referenced in your correspondence, please contact:

Loss Mitigation Department
Monday through Thursday, 8:00 a.m. to 9:00 p.m. CDT
Friday, 8:00 a.m. to 8:00 p.m. CDT
Saturday, 8:00 a.m. to 12:00 p.m. CDT
Toll-free number 1.888.850.9398

Sincerely,

J. L. DuVall
Customer Relations Specialist
Nationstar Mortgage LLC
350 Highland Drive
Lewisville, TX 75067
phone: 469.426.3410
facsimile: 469.322.4924
e-mail: J.L.DuVall@Nationstarmail.com

Enclosures 8
By Fed Ex  7969 6135 7694

This is an attempt to collect a debt and any information obtained will be used for that purpose. If this debt is in or has been discharged in a bankruptcy proceeding, be advised this communication is not an attempt to collect the debt against you. Please note, however, we reserve the