IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEN JOSEPH, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:13-cv-04122-JEC-RGV |
| NATIONSTAR MORTGAGE, LLC, et al., | |
| Defendants. | |

**MAGISTRATE JUDGE'S NON-FINAL REPORT AND RECOMMENDATION**

On December 13, 2013, plaintiff Ken Joseph ("plaintiff"), proceeding *pro se*, filed a civil action against defendants Nationstar Mortgage, LLC ("Nationstar"), McCurdy & Candler, and U.S. Bank National Association *as Trustee* ("U.S. Bank"), collectively referred to as "defendants," alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. [Docs. 1 & 2].[1] Plaintiff was granted leave to proceed *in forma pauperis*, see [Doc. 3], but due to the conclusory nature of the allegations in his complaint and because he had failed to adequately state a claim that was plausible on its face, see [id. at 3-5], on December 27, 2013, this Court

---

[1] The listed document and page numbers in citations to the record refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

ordered plaintiff to file an amended complaint within fourteen (14) days, addressing the deficiencies noted in the Order, and complying with the Federal Rules of Civil Procedure, see [Doc. 3]. Plaintiff filed an amended complaint on January 10, 2014, [Doc. 4], and it is therefore before the Court for a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, it is **RECOMMENDED** that plaintiff's TILA claim asserted against U.S. Bank and his FDCPA claim asserted against McCurdy & Candler be allowed to proceed, but that all remaining claims asserted against the defendants be **DISMISSED WITHOUT PREJUDICE**.

A.   **Frivolity Review**

"'Where a plaintiff is proceeding in forma pauperis, a district court is required to sua sponte determine whether the complaint: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.'" Bacon v. Ga. Ports Auth., No. CV410-281, 2010 WL 5538515, at *1 n.3 (S.D. Ga. Dec. 17, 2010), adopted as modified by 2011 WL 43504, at *1 (S.D. Ga. Jan. 6, 2011) (citations omitted) (quoting 28 U.S.C. § 1915(e)(2)). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). That is, "[a]n *in forma pauperis* complaint is considered frivolous if the Court determines the factual allegations are 'clearly baseless' or the legal theories are 'indisputably

meritless.'" Austin v. Fla. Dep't of Children & Families, No. 3:09-cv-907-J-25MCR, 2009 WL 3817602, at *1 (M.D. Fla. Nov. 16, 2009), adopted at *1 (quoting Neitzke, 490 U.S. at 327).

"The standard for failing to state a claim under § 1915(e)(2)(B)(ii) is the same as that applicable under Federal Rule of Civil Procedure 12(b)(6)." Calhoun v. Nationstar, Civil Action File No. 1:13–CV–2581–TWT, 2013 WL 5493311, at *1 (N.D. Ga. Sept. 30, 2013), adopted at *1 (citation omitted). A complaint may be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Rivas v. Green Tree Servicing, LLC, Civil Action No. 1:12–CV–2866–RWS, 2013 WL 1213291, at *3 (N.D. Ga. Mar. 25, 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). That is, "[t]o be plausible, the complaint must contain well-pleaded facts that permit the court to infer more than the mere possibility of misconduct." Williams v. U.S. Bank Nat'l Ass'n, Civil Action File No. 1:12–CV–3943–TWT, 2013 WL 2285748, at *2 (N.D. Ga. May 23, 2013), adopted at *1 (citation and internal marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[.]" Id.

3

(citation and internal marks omitted).  While *pro se* pleadings are entitled to liberal construction, "liberal construction cannot serve as a substitute for establishing a cause of action."  Austin, 2009 WL 3817602, at *1 (citation omitted).

**B.    Plaintiff's Claims**

Plaintiff's amended complaint is identical to his original complaint with the exception of the addition of the description of the property at issue in the foreclosure proceedings, the date he acquired the property by warranty deed, and the attachment of various exhibits.  Specifically, plaintiff's original and amended complaints are premised on defendants' alleged failure to "legally prove[] that they are the creditor, secured creditor/note holder in due course," and plaintiff contends that defendants therefore lack standing to foreclose on his home.  See [Doc. 4 at 11 ¶ 45, 12 ¶ 50]; see also [Doc. 2].[2]  From this central premise, plaintiff alleges various violations of RESPA, TILA, and the FDCPA, see generally [Doc. 4], each of which the Court will address.

---

[2] In the Court's December 27, 2013, Order, it explicitly noted that while plaintiff alleges that defendants have failed to prove that they are the "creditor, secured creditor/note holder in due course" or to provide verification of their standing, plaintiff should keep in mind in amending his complaint that "no party needs to physically possess the promissory note."  [Doc. 3 at 5 n.4 (citations and internal marks omitted)].  Plaintiff, however, still advances this same claim in his amended complaint.  See generally [Doc. 4].

1.     **TILA**

Plaintiff alleges that U.S. Bank violated 15 U.S.C. § 1641(g) of TILA. [Doc. 4 at 14-15 ¶¶ 57-58]. Section 1641(g) provides in relevant part:

> [N]ot later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including–(A) the identity, address, telephone number of the new creditor; (B) the date of transfer; (C) how to reach an agent or party having authority to act on behalf of the new creditor; (D) the location of the place where transfer of ownership of the debt is recorded; and (E) any other relevant information regarding the new creditor.

15 U.S.C. § 1641(g). Plaintiff alleges that U.S. Bank, as Trustee for SURF 2007-AB, violated § 1641(g) because it failed to provide him notice within 30 days of becoming his creditor. [Doc. 4 at 14-15 ¶¶ 57-58]. Plaintiff specifically requests actual, statutory, and punitive damages as well as attorney's fees and costs as a result of this violation. [Id. at 15]. Accepting plaintiff's allegations as true, he has stated a plausible claim for relief against U.S. Bank for an alleged violation of § 1641(g) at this stage of the case,[3] see Hay v. Bank of Am., Civil Action No. 1:12–CV–01596–RWS,

---

[3] The Court notes that plaintiff has not alleged the date of the transfer of the mortgage loan at issue to U.S. Bank. See Knowles v. HBSC Bank USA, No. CV–11–J–1953–S, 2012 WL 2153436, at *3 (N.D. Ala. June 8, 2012) (citation omitted) (citing 15 U.S.C. § 1640(e)) ("A borrower must bring an action for damages based on a faulty disclosure within one year from the date the violation occurs."); Squires v. BAC Home Loans Servicing, LP, Civil Action No. 11-0413–WS–M, 2011 WL 5966948, at *2 (S.D. Ala. Nov. 29, 2011) (finding that a § 1641(g) claim accrues for limitations purposes not on the date of the transfer, but upon expiration of the 30-day statutory

2013 WL 1339729, at *5-6 (N.D. Ga. Mar. 29, 2013), it is **RECOMMENDED** that plaintiff's TILA claim asserted against U.S. Bank be allowed to proceed.

2.  **RESPA**

Plaintiff asserts a RESPA claim against defendants Nationstar and U.S. Bank. [Doc. 4 at 13-14 ¶¶ 53-56]. Specifically, plaintiff alleges that Nationstar is the servicer of his mortgage and that he sent "written requests for information about his account and correction of Defendants' numerous errors," which he contends were qualified written requests ("QWR"). [Id. at 13-14 ¶¶ 54-55]. Plaintiff alleges that Nationstar "deliberately failed to respond in a proper and timely way to [his QWRs] for information about, and corrections to, his mortgage account, in violation of 12 U.S.C. § 2605(e)." [Id. at 14 ¶ 56].[4]

---

period for the requisite disclosures, such that the one-year statute of limitations period begins to run 30 days after the transfer that triggered the disclosure obligation). Moreover, any claim based upon a transfer that occurred prior to May 20, 2009, would fail because § 1641(g) became effective on that date and "Congress failed to include any language suggesting it intended § 1641(g) to apply retroactively." Watkins v. Regions Mortg. Inc., Civil Action No. 5:12–cv–03902–AKK, 2013 WL 2444124, at *4 (N.D. Ala. May 31, 2013) (citation omitted). Since the amended complaint does not allege the date of the transfer to U.S. Bank, the Court cannot conclusively determine whether plaintiff's TILA claim is timely, but finds that plaintiff has sufficiently stated a plausible claim for purposes of frivolity review.

[4] Plaintiff has failed to assert any allegations of conduct by U.S. Bank with respect to his RESPA claim, and it is therefore **RECOMMENDED** that plaintiff's RESPA claim against U.S. Bank be **DISMISSED**.

Section 2605(e) governs how and when a loan servicer must respond to a borrower's QWR. See 12 U.S.C. § 2605(e). Under RESPA, a QWR is a "written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan." 12 U.S.C. § 2605(e)(1)(A). Among other things, a QWR must include a "statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)(ii). "If any servicer of a federally related mortgage loan receives a [QWR] from the borrower (or an agent of the borrower) . . . the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days (excluding legal public holidays, Saturdays, and Sundays)." 12 U.S.C. § 2605(e)(1)(A). Within 60 business days of receiving a QWR, the servicer must:

> (1) make appropriate corrections in the account of the borrower and transmit a written notification of such correction; (2) after conducting an investigation, provide the borrower with a written explanation that includes a statement of the reasons for which the servicer believes the account is correct, and the name and telephone number of an employee or department that can provide further assistance; or (3) after conducting an investigation, provide the borrower with a written explanation that includes the information requested by the borrower or an explanation of why the information requested is unavailable, along with the name and telephone number of an employee or department that can provide further assistance.

McLean v. GMAC Mortg. Corp., 398 F. App'x 467, 471 (11th Cir. 2010) (per curiam) (unpublished) (citing 12 U.S.C. § 2605(e)(2)).

Plaintiff alleges that he sent Nationstar a QWR, and he has attached to his amended complaint a letter dated October 9, 2013, which is the alleged QWR. See [Doc. 4 at 33-35]. Although plaintiff alleges that he sent a QWR to Nationstar, not all letters sent to a loan servicer constitute a QWR. See 12 U.S.C. § 2605(e)(1)(B) (stating that a QWR is correspondence that includes the borrower's name and account information and a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail regarding other information sought); Vazquez v. M & T Bank Corp., No. 1:10-CV-23794, 2011 WL 241958, at *2 (S.D. Fla. Jan. 24, 2011) (dismissing plaintiff's complaint for failing to properly allege that plaintiff made a QWR and where letters attached to plaintiff's amended complaint did not appear to satisfy the elements of 12 U.S.C. § 2605(e)(1)(B)). The letter attached to plaintiff's amended complaint, while including the borrower's name and account number, merely requests that Nationstar provide various documents and notes that "[i]t is unclear as to who is the current holder and owner of the original mortgage note." See [Doc. 4 at 33]. Indeed, the letter does "not include a statement of the reasons for [p]laintiff's belief that the account is in error; in fact, the [letter does] not even state that [p]laintiff believes that servicing of the account is actually in error." Vazquez, 2011 WL 241958, at *2; see also [Doc. 4 at 33]. The letter merely reflects that plaintiff is unclear as to the holder

8

and owner of the note, and as a result, plaintiff makes a lengthy list of demands that the recipient of the letter conduct various audits and produce documents to verify that plaintiff's account is in good order. See [Doc. 4 at 33-35]. Plaintiff's letter does not satisfy the elements of a QWR under 12 U.S.C. § 2605(e)(1)(B), and "[a]ccordingly, [p]laintiff's [RESPA claim] should be dismissed." Vazquez, 2011 WL 241958, at *2.

Even if plaintiff's letter does constitute a QWR to which Nationstar did not properly respond,[5] "alleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiff must, at a minimum, also allege that the breach resulted in actual damages." Habib v. Bank of Am. Corp., Civil Action No. 1:10–cv–04079–SCJ–RGV, 2011 WL 2580971, at *4 (N.D. Ga. Mar. 15, 2011), adopted by 2011 WL 2580780, at *1 (N.D. Ga. June 29, 2011) (citations and internal marks omitted). In fact, "[d]amages for violations of RESPA's timely notice requirements are limited to 'actual damages' or up to $1,000 in cases of a pattern or practice of noncompliance." Melillo v. GMAC Mortg., LLC, Civil No. 10-3392 ADM/LIB, 2011 WL 96629, at *2 (D. Minn. Jan. 11, 2011) (citation omitted); see also Echeverria v. BAC Home Loans Servicing, LP, 900 F. Supp. 2d 1299, 1307 (M.D. Fla. Oct. 22, 2012).

---

[5] Also attached to plaintiff's amended complaint is an undated letter from Nationstar that appears to be Nationstar's response to plaintiff's QWR. See [Doc. 4 at 37]. However, plaintiff asserts that this response was not "proper." [Doc. 4 at 14 ¶ 56].

9

Here, "[t]he [amended] [c]omplaint does not allege any facts to support a finding that . . . [the] response to the [plaintiff's QWR], if any, caused the [plaintiff] to suffer any type of monetary loss." Melillo, 2011 WL 96629, at *3; see also McLean, 398 F. App'x at 471 (citation omitted) ("[T]he [plaintiff] must present specific evidence to establish a causal link between the financing institution's violation and [his] injuries"); Castrillo v. Am. Home Mortg. Servicing, Inc., Civil Action No. 09-4369, 2010 WL 1424398, at *8 (E.D. La. Apr. 5, 2010). Nor has plaintiff alleged a plausible pattern or practice of noncompliance. In the absence of any alleged causal link between the claimed damages and Nationstar's alleged RESPA violation, plaintiff has failed to state a plausible RESPA claim.[6] See Tallent v. BAC Home Loans, No. 2:12–CV–3719–LSC, 2013 WL 2249107, at *5 (N.D. Ala. May 21, 2013). Accordingly, it is **RECOMMENDED** that plaintiff's RESPA claim asserted against defendants Nationstar and U.S. Bank be **DISMISSED**.

### 3.   FDCPA

Plaintiff alleges that defendants violated various provisions of the FDCPA, and his claims appear to be premised on his assertion that it is unclear whether U.S.

---

[6] Furthermore, to the extent plaintiff seeks equitable relief under RESPA, it is not available as a matter of law. See Wilson v. Saxon Mortg. Servs., Inc., Civil Action No. 1:08-CV-3630-CAP, at [Doc. 4 at 2 (alteration in original) (citing Mullinax v. Radian Guar., Inc., 199 F. Supp. 2d 311, 333 (M.D.N.C. 2004)) ("'[A]n injunction is unavailable in RESPA private actions. . . .'")] (N.D. Ga. Dec. 1, 2008).

Bank has the present right, ownership and authority to pursue foreclosure of his home.  See generally [Doc. 4]; see also [id. at 15-16 ¶¶ 59-63].  He also alleges that defendants are debt collectors within the meaning of the FDCPA and that defendant McCurdy & Candler, on behalf of U.S. Bank, sent him two notices dated November 12, 2013: one, pursuant to the FDCPA and the other, a notice of acceleration and foreclosure sale.  [Id. at 6-7 ¶¶ 22-28, 15 ¶¶ 61-62].

"Congress enacted the FDCPA in order to eliminate the use of abusive, deceptive, and unfair debt collection practices by many debt collectors."  Buckley v. Bayrock Mortg. Corp., Civil Action File No. 1:09-CV-1387-TWT, 2010 WL 476673, at *6 (N.D. Ga. Feb. 5, 2010), adopted at *1 (citation and internal marks omitted).  In order to prevail on a FDCPA claim, plaintiff must establish that:

> (1) [he] [has] been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA.

Id. (alterations in original) (citation omitted).  The Eleventh Circuit has ruled that an allegation that an initial communication letter under 15 U.S.C. § 1692(e) sent in connection with a residential mortgage foreclosure that falsely identifies the secured creditor is sufficient to state a claim under the FDCPA against the sender.  See Shoup v. McCurdy & Candler, LLC, 465 F. App'x 882, 885 (11th Cir. 2012) (per curiam)

(unpublished); Bourff v. Rubin Lublin, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012) (per curiam).

Plaintiff's amended complaint, construed broadly, alleges that the November 12, 2013, notices sent by McCurdy & Candler falsely identified U.S. Bank as the secured creditor, [Doc. 4 at 11-12], and at this stage of the proceedings, this allegation is sufficient to state a plausible claim against McCurdy & Candler. See Shoup, 465 F. App'x at 885; Bourff, 674 F.3d at 1241. However, plaintiff has not otherwise alleged sufficient facts to show that any defendant engaged in conduct that violates the FDCPA. Assuming that plaintiff's conclusory allegations in his amended complaint sufficiently assert that defendants are debt collectors within the meaning of the FDCPA,[7] apart from the November 12, 2013, notices sent by McCurdy & Candler, he "has not identified any act or omission prohibited by the FDCPA allegedly committed by these [d]efendants." Miller v. Wells Fargo Bank, N.A., Inc., Civil Action No. 1:12–CV–2708–RWS, 2013 WL 1189503, at *4 (N.D. Ga. Mar. 21, 2013) (internal marks omitted). Rather, plaintiff "cites statutory provisions

---

[7] Plaintiff alleges that the language in the notices sent by McCurdy & Candler stating that it is acting as a debt collector subjects defendants to liability under the FDCPA, see [Doc. 4 at 15-16 ¶¶ 61-62]; however, "[t]he relevant test of whether an entity is a debt collector under the FDCPA is whether the statutory definition applies, not whether the entity has ever stated in a document that it is a debt collector," Barber v. Rubin Lublin, LLC, Civil Action File No. 1:13–CV–975–TWT, 2013 WL 6795158, at *10 (N.D. Ga. Dec. 20, 2013) (citations and internal marks omitted).

and recites their language[, and therefore,] instead of alleging facts, [he] alleges legal conclusions." Correa v. BAC Home Loans Servicing LP, No. 6:11–cv–1197–Orl–22DAB, 2012 WL 1176701, at *11 (M.D. Fla. Apr. 9, 2012) (citation omitted). "For example, [p]laintiff's allegation that [d]efendant[s] violated the FDCPA by falsely representing the character, amount, or legal status of any debt merely recites the language of 15 U.S.C. § 1692e(2)(A) without citing any facts as to how [d]efendant[s] violated the statute." Drew v. Rivera, No. 1:12–CV–9–MP–GRJ, 2012 WL 4088943, at *2 (N.D. Fla. Aug. 6, 2012), adopted by 2012 WL 4088871, at *1 (N.D. Fla. Sept. 17, 2012) (internal marks omitted); see also [Doc. 4 at 16 ¶ 63(b)]. With the exception of the allegations regarding the November 12, 2013, notices sent by McCurdy & Candler, [Doc. 4 at 11-12], the sections of plaintiff's amended complaint alleging violations of the FDCPA "follow this threadbare format" and are therefore "not well-pled and must be dismissed." Id.; [Doc. 4]; see also Iqbal, 556 U.S. at 678 (citation omitted) (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); Ga. ex rel. Saunders v. Mortg. Elec. Registration Sys., Inc., Civil Action File No. 1:10–CV–3419–TWT–RGV, 2011 WL 1335824, at *8 (N.D. Ga. Mar. 11, 2011), adopted by 2011 WL 1322616, at *1 (N.D. Ga. Apr. 6, 2011) (finding plaintiff's FDCPA claims

were due to be dismissed where plaintiff's complaint read "like a scattered outline of the law").

Furthermore, the Eleventh Circuit has held that "foreclosing on a security interest is not debt collection activity for purposes of [15 U.S.C.] § 1692g." Warren v. Countrywide Home Loans, Inc., 342 F. App'x 458, 460 (11th Cir. 2009) (per curiam) (unpublished) (citation omitted) ("[S]everal courts have held that an enforcer of a security interest, such as a [mortgage company] foreclosing on mortgages of real property . . . falls outside the ambit of the FDCPA . . . .") (second and third alterations in original) (citations and internal marks omitted); see also Tucker v. McCurdy & Candler, LLC, Civil Action No. 2:12–CV–00184–RWS, 2013 WL 1943434, at *3 (N.D. Ga. May 8, 2013); Kabir v. Statebridge Co., LLC, No. 1:11-cv-2747-WSD, 2011 WL 4500050, at *10 (N.D. Ga. Sept. 27, 2011); Hasbun v. Recontrust Co., N.A., No. 11–60488–CIV, 2011 WL 3837158, at *2-3 (S.D. Fla. Aug. 24, 2011); Michaels v. Satish, No. 10–21034–CV, 2011 WL 3439250, at *3 (S.D. Fla. July 18, 2011), adopted by 2011 WL 3425564, at *1 (S.D. Fla. Aug. 5, 2011). Because plaintiff has asserted only vague and conclusory allegations of violations of the FDCPA apart from the allegations pertaining to the November 12, 2013, notices sent by McCurdy & Candler, and "since foreclosing on a home is not debt collection activity for purposes of § 1692g," see Warren, 342 F. App'x at 461, plaintiff has otherwise failed

to state a plausible claim against any defendants under the FDCPA. Therefore, it is **RECOMMENDED** that plaintiff's FDCPA claim against McCurdy & Candler premised on the allegation that the November 12, 2013, notices it sent falsely identified the secured creditor be allowed to proceed, but that all other FDCPA claims asserted against the defendants be **DISMISSED**.

**C. Conclusion**

For the foregoing reasons, it is **RECOMMENDED** that plaintiff's TILA claim asserted against U.S. Bank and his FDCPA claim asserted against McCurdy & Candler based on the notices it sent to him be allowed to proceed, but that all remaining claims asserted against the defendants be **DISMISSED WITHOUT PREJUDICE**.

It is further **RECOMMENDED** that if this Report and Recommendation is adopted, this action be returned to the undersigned for further proceedings, including the issuance of an Order regarding service of process.

**IT IS SO RECOMMENDED**, this 31st day of January, 2014.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE