IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEN JOSEPH, | |
|     Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:13-cv-04122-JEC-RGV |
| MCCURDY & CANDLER, *et al.*, | |
|     Defendants. | |

## ORDER

Defendant U.S. Bank National Association ("U.S. Bank"), moves to dismiss this action for insufficient service of process and failure to state a claim upon which relief can be granted, [Doc. 12], and defendant McCurdy & Candler LLC ("McCurdy") has filed a notice of joinder in U.S. Bank's motion to dismiss, [Doc. 15].[1]  Plaintiff Ken Joseph ("plaintiff"), who is proceeding pro se, opposes defendants' motions.  [Doc. 17].  For the following reasons, defendants' motions to dismiss, [Docs. 12 & 15], are **DENIED WITHOUT PREJUDICE** as premature.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

On December 13, 2013, plaintiff sought to proceed *in forma pauperis*, [Doc. 1], and on December 27, 2013, the Court granted his application to proceed *in forma*

---

[1] U.S. Bank and McCurdy are collectively referred to as "defendants."  The listed document and page numbers in citations to the record refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

*pauperis*, but reserved ruling on the frivolity determination in order to permit plaintiff an opportunity to replead his claims since his original complaint suffered from several deficiencies, see [Doc. 3]. On January 10, 2014, plaintiff amended his complaint. [Doc. 4]. Plaintiff's amended complaint makes clear that it arises out of foreclosure proceedings involving property located at 596 Middleton Place, Grayson, Georgia 30017. See generally [Doc. 4]. From this central premise, plaintiff alleged various violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., against U.S. Bank, McCurdy, and Nationstar Mortgage, LLC, see [id.]. However, on February 26, 2014, the District Court adopted a Report and Recommendation, [Doc. 5], recommending that only his TILA claim against U.S. Bank and his FDCPA claim against McCurdy be allowed to proceed, [Doc. 7].

On April 16, 2014, the Court issued an Order that directed the Clerk to send plaintiff the USM 285 form, summons, and initial disclosure form, advised plaintiff to complete these forms and return them within 20 days from the entry of the Order, and directed the Clerk to prepare a service waiver package for each defendant upon receipt of the forms. [Doc. 8]. The Clerk was also directed to prepare and transmit to the U.S. Marshal's Service a service package for any defendant that fails to return

the waiver of service form to the Clerk within 35 days following the date the service waiver package was mailed, and the U.S. Marshal's Service was directed to personally serve that defendant upon receipt of the service package. [Id. at 3].

The docket reflects that plaintiff complied with the Service Order by timely returning the forms, see [Docket Entry dated 05/06/2014; Doc. 9], and the Clerk prepared a service waiver package for each defendant on May 7, 2014, see [Docs. 10 & 11], and it was noted that if the waivers were not returned by June 12, 2014, the Clerk would prepare a personal service package for defendants, see [id.]. In the meantime, U.S. Bank filed its motion to dismiss, in which, among other things, it expressly maintains that it does not waive its defenses related to service and that it has not yet been properly served. See [Doc. 12]. McCurdy filed a notice of joinder in U.S. Bank's motion, [Doc. 15], and neither defendant has waived service in this case or yet been served.

## II. DISCUSSION

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Igbinigie v. Wells Fargo Bank, N.A., No. 3:08-CV-58 (CDL), 2008 WL 4862597, at *3 (M.D. Ga. Nov. 10, 2008) (internal marks omitted) (quoting Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990)). "It is [] reversible error for a district court to

3

address the merits of a cause of action when the plaintiff has failed to properly effect service of process in accordance with Federal Rule of Civil Procedure 4." Id. (citing Jackson v. Warden, FCC Coleman-USP, 259 F. App'x 181, 182-83 (11th Cir. 2007) (per curiam) (unpublished)); see also In re S1 Corp. Sec. Litig., 173 F. Supp. 2d 1334, 1342 (N.D. Ga. 2001). Therefore, the Court must first address defendants' assertions that they have not received sufficient service of process. See Rosenhaft v. Citibank, N.A., No. 1:11–cv–4063–WSD, 2012 WL 1080388, at *1 (N.D. Ga. Mar. 29, 2012) (citations omitted) ("Because defendants . . . have challenged the sufficiency of service of process, and have not waived service of process in making their special appearances for the purpose of their Motion to Dismiss, the Court must first address whether it has jurisdiction to adjudicate Plaintiff's claims against [defendants] on the merits. If the Court does not have personal jurisdiction over these Defendants, it is powerless to act on the merits[.]").

While the Clerk prepared and transmitted service waiver packages for each defendant, see [Docs. 10 & 11], the time for each defendant to waive service has passed and the Clerk should have prepared personal service packages for the defendants, but inadvertently failed to do so. Plaintiff is proceeding *in forma pauperis*, see [Doc. 3], and therefore, "the officers of the court must issue and serve all process," Cruz v. Britt, Civil Action No. 7:09–CV–64 (HL), 2012 WL 1933673, at

4

\*2 (M.D. Ga. May 29, 2012) (citation and internal marks omitted). "[T]he failure of the United States Marshal to effectuate service on behalf of an *in forma pauperis* plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect [] service[.]" Richardson v. Johnson, 598 F.3d 734, 738-39 (11th Cir. 2010) (per curiam) (first alteration in original) (citation and internal marks omitted). Here, neither defendant has been personally served, but it appears that this was through no fault of the plaintiff since the Clerk failed to prepare and transmit the to the U.S. Marshal's Service a service package for each defendant. Accordingly, defendants' motions to dismiss, [Doc. 12 & 15], are **DENIED WITHOUT PREJUDICE** as premature.[2]

The Clerk is hereby **DIRECTED** to promptly prepare and transmit to the U.S. Marshal's Service a service package for U.S. Bank and McCurdy. The service package must include the USM 285 form, the summons, and one copy of the complaint. Upon receipt of the service package, the U.S. Marshal's Service is

---

[2] As previously explained, since it has not yet been established that the Court has jurisdiction over defendants, the Court cannot address the merits of defendants' motions to dismiss for failure to state a claim. Igbinigie, 2008 WL 4862597, at \*1. See also Wilson v. Prudential Fin., 332 F. Supp. 2d 83, 89 n.2 (D.D.C. 2004) (citation omitted) ("To proceed to a Rule 12(b)(6) or Rule 56 determination, the court must first determine that the plaintiff has properly effected service of process."). If defendants are properly served, or if they waive service, they may also renew their motions to dismiss for failure to state a claim under Rule 12(b)(6) at that time.

**DIRECTED** to personally serve U.S. Bank and McCurdy. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

### III. CONCLUSION

For the reasons stated herein, defendants' motions to dismiss, [Docs. 12 & 15], are **DENIED WITHOUT PREJUDICE** at this time, and the Clerk is **DIRECTED** to promptly prepare and transmit to the U.S. Marshal's Service a service package for U.S. Bank and McCurdy.

**IT IS SO ORDERED**, this 15th day of July, 2014.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE