IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KEN JOSEPH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. |
| MCCURDY & CANDLER, and U.S. | ) | 1:13-CV-04122-JEC-RGV |
| BANK NATIONAL ASSOCIATION, | ) | |
| AS TRUSTEE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S
BRIEF IN SUPPORT OF RENEWED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT AND FIRST AMENDED
COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant U.S. Bank National Association ("U.S. Bank") files this Brief in Support of its Renewed Motion to Dismiss Plaintiff's Complaint and First Amended Complaint, showing the Court as follows:

198507.2

## I. INTRODUCTION

Plaintiff's Amended Complaint[1] claims U.S. Bank violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") by failing to provide notice that Plaintiff's loan was transferred to U.S. Bank as required by 15 U.S.C. § 1641(g). *See* [Doc. 4 ¶¶ 57-58]. This claim is time-barred and should be dismissed.

## II. ARGUMENT AND CITATION TO AUTHORITY

### A. Motion to Dismiss Standard

To avoid Rule 12(b)(6) dismissal, the Supreme Court has held that a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court must take the allegations pleaded in Plaintiff's complaint as true, only a complaint that states a plausible claim for relief survives a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, (2009); *see also Oxford Asset Mgmt. v. Jaharis*, 297 F. 3d 1182, 1188 (11th Cir. 2002) (finding the court is not required to accept "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts"). A motion to dismiss based on statute of limitation grounds is appropriate if it appears

---

[1] This Court dismissed all but two of the claims asserted in Plaintiff's First Amended Complaint. *See* [Doc. 7]. Plaintiff's TILA claim against U.S. Bank is the only claim remaining against U.S. Bank.

from the face of the complaint that the claim is time-barred. *Lindley v. City of Birmingham*, 515 Fed. Appx. 813, 815 (11th Cir. 2013). Such is the case here.

    **B.**    <u>**Plaintiff's TILA claim is time-barred.**</u>

As noted in the Report and Recommendation [Doc. 5], Plaintiff did not allege the date of transfer of the mortgage loan at issue to U.S. Bank in the Verified Complaint. Public records show, however, that the mortgage loan at issue was transferred to U.S. Bank on August 5, 2009. *See* Corporate Assignment of Mortgage/Deed of Trust, a true and correct copy of which is attached hereto as **Exhibit A**.[2] The Corporate Assignment of Mortgage/Deed of Trust apparently contained a typographical error, and a Corrective Assignment of Security Deed was executed on July 9, 2012. *See* Corrective Assignment of Security Deed, a true and correct copy of which is attached hereto as **Exhibit B**.

The statute of limitation for a claim under 15 U.S.C. § 1641(g) is one year, and accrues thirty days after the transfer. *See* 15 U.S.C. § 1640(e); Exhibits A and B prove that at the latest the mortgage loan at issue was assigned to U.S. Bank

---

[2] The Court may take judicial notice of public records and may consider them on a motion to dismiss, without converting the motion into one for summary judgment." *Montoya v. Branch Banking & Trust Co.*, No. 1:11-CV-01869-RWS, 2012 U.S. Dist. LEXIS 31786, at * 11 n. 3 (N.D. Ga. 2012) (citing *Universal Express, Inc. v. S.E.C.*, 177 F. App. 52, 53 (11th Cir. 2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. . . . Public records are among the permissible facts that a district court may consider.")).

on July 9, 2012 – so Plaintiff's claim accrued at the latest on August 8, 2012. Plaintiff filed his original complaint in December 13, 2013, more than a year after Plaintiff's claim accrued. Plaintiff's claim is time-barred and should be dismissed. *See Joseph v. Newport Shores Mortg., Inc.*, No. 1:05-CV-0904-WSD; 2006 U.S. Dist. LEXIS 8184 (N.D. Ga. Jan. 31, 2006) (dismissing TILA claim brought more than a year after the claim accrued); *Cooke v. BAC Home Loans Servicing, LP*, No. 1:11-CV-2126-TWT; 2011 U.S. Dist. LEXIS 120609 (N.D. Ga. Oct. 18, 2011)(same); *Jones v. Home Am. Mortg. Inc.*, No. 1:11-CV-2330-TWT; 2012 U.S. Dist. LEXIS 4167 (N.D. Ga. Jan. 12, 2012)(same); *Constantin v. Wells Fargo Bank, N.A.*, No. 2:13-CV-00155-RWS; 2014 U.S. Dist. LEXIS 24842 (N.D. Ga. Feb. 27, 2014)(same).

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's remaining claim against U.S. Bank should be dismissed.

Respectfully submitted this 22nd day of July, 2014.

**/s/ Christopher S. Anulewicz**
Christopher S. Anulewicz
Georgia Bar No. 020914
E-mail: canulewicz@balch.com
Geremy Gregory
Georgia Bar No. 885342
E-mail: ggregory@balch.com

**BALCH & BINGHAM LLP**
30 Ivan Allen Jr. Blvd. N.W., Suite 700
Atlanta, GA 30308
Telephone: (404) 261-6020
Facsimile: (404) 261-3656

ATTORNEYS FOR DEFENDANT
U.S. BANK NATIONAL ASSOCIATION

## CERTIFICATE OF COUNSEL REGARDING FONT SIZE

Counsel certifies that the foregoing has been prepared using Times New Roman font size 14 in accordance with Local Rules 5.1(B)(3) and 7.1(D).

This 22nd day of July, 2014.

                                               **/s/ Christopher S. Anulewicz**
                                               Christopher S. Anulewicz
                                               Georgia Bar No. 020914

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed the Clerk of Court using the CM/ECF system and served upon the following by U.S. Mail, properly addressed and postage prepaid, on this the 22nd day of July, 2014:

>Ken Joseph
>596 Middleton Place
>Grayson, GA 30017
>
>McCurdy & Candler
>Six Piedmont Center, Suite 700
>3525 Piedmont Road, NE
>Atlanta, Georgia 30305

>/s/ Christopher S. Anulewicz
>Christopher S. Anulewicz
>Georgia Bar No. 020914