IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEN JOSEPH, ) | |
|    ) | |
| Plaintiff, ) | |
|    ) | |
| v. ) | |
|    ) | CIVIL ACTION NO. |
| MCCURDY & CANDLER, and U.S. ) | 1:13-CV-04122-WBH-RGV |
| BANK NATIONAL ASSOCIATION, ) | |
| AS TRUSTEE, ) | |
|    ) | |
| Defendants. ) | |
|    ) | |

**DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S
BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
COMPLAINT AND FIRST AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant U.S. Bank National Association ("U.S. Bank") files this Reply in Support of Motion to Dismiss Plaintiff Ken Joseph's ("Plaintiff") Complaint and Amended Complaint.

**I.   INTRODUCTION**

Plaintiff filed his Complaint on December 13, 2013. [Doc. 1]. The Court *sua sponte* ordered Plaintiff to file an amended complaint. [Doc. 3]. Plaintiff filed an Amended Complaint on January 10, 2014. [Doc. 4]. The Court conducted a *sua sponte* frivolity review and dismissed most of Plaintiff's claims. *See* [Docs. 5 and

197899.2

7]. Plaintiff's only claim remaining against U.S. Bank is Plaintiff's Truth in Lending Act ("TILA") claim.

U.S. Bank moved to dismiss Plaintiff's TILA claim because Plaintiff's TILA claim is time-barred. Plaintiff's Response did not address U.S. Bank's argument regarding the timeliness of Plaintiff's TILA claim. Rather, Plaintiff argued that U.S. Bank's assignment of the Security Deed was "fraudulently recorded." *See* [Doc. 17] at 24-26. Alternatively, Plaintiff requests that the Court grant him leave to amend his Amended Complaint. *See* [Doc. 17] at 26. U.S. Bank filed its Reply Brief in support on July 15, 2014. [Doc. 19].

On July 15, 2014, the Court denied U.S. Bank's Motion to Dismiss without prejudice until U.S. Bank was properly served. [Doc. 20]. U.S. Bank executed and filed its waiver of service on July 17, 2014. [Doc. 22]. U.S. Bank also renewed its Motion to Dismiss Plaintiff's Complaint and First Amended Complaint. [Doc. 23]. Plaintiff's Response to U.S. Bank's renewed Motion to Dismiss, like his earlier Response, argues that U.S. Bank is falsely identified as the secured creditor and Plaintiff was misled into thinking that he could negotiate a principal reduction with U.S. Bank. [Doc. 25] at 6. Plaintiff purports to address U.S. Bank's argument regarding the untimeliness of Plaintiff's TILA claim (the only claim remaining

against U.S. Bank). *See* [Doc. 25] at 8-9. However, Plaintiff primarily challenges the assignments of the Security Deed. *See* [Doc. 25] at 8-9.[1]

Plaintiff's TILA claim should be dismissed because the claim is time-barred. Plaintiff's arguments related to U.S Bank's assignment of the Security Deed and alleged identification of U.S. Bank as a secured creditor are meritless and do not impact Plaintiff's untimely TILA claim. Further, this Court should not grant Plaintiff leave to amend because any amendment to Plaintiff's already Amended Complaint would be futile.

## II. ARGUMENT AND CITATION TO AUTHORITY

### A. **Plaintiff's TILA claim fails.**

#### 1. **Plaintiff's TILA claim is time-barred.**

U.S. Bank was assigned Plaintiff's Security Deed on August 5, 2009, and the assignment was recorded on August 17, 2009. *See* [Doc. 13-2] at 2. A

---

[1] Plaintiff points to a 9th Circuit case, *King v. California*, 784 F.2d 910 (9th Cir. 1986), for the premise that equitable tolling is available for TILA claims. The Eleventh Circuit has also found that TILA claims can be subject to equitable tolling. *See e.g. Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706-707 (11th Cir. 1998). However, Plaintiff does not explain why his TILA claim should be equitably tolled. "A plaintiff, in order to qualify for the protection provided by equitable tolling, must show that (1) the defendant engaged in a course of conduct designed to conceal evidence of his alleged wrongdoing; (2) the plaintiff was not on actual or constructive notice of that evidence; and, (3) the plaintiff exercised due diligence." *Pedraza v. United Guar. Corp.*, 114 F. Supp. 2s 1347, 1354 (S.D. Ga. 2000). Plaintiff's TILA claim should not be equitably tolled.

Corrective Assignment of the Security Deed was executed on July 9, 2012, and the corrective assignment was recorded on July 18, 2012. *See* [Doc. 12-2] at 2. Even using the latter date – July 9, 2012 – Plaintiff's TILA claim against U.S. Bank for a violation of 15 U.S.C. § 1641(g) accrued on August 8, 2012. *See* 15 U.S.C. § 1640 (statute of limitation for a claim under 15 U.S.C. § 1641(g) is one year and accrued thirty days after the transfer of the loan); *Jones v. Vericrest Financial, Inc.*, No. 1:11-CV-2330-TWT-CCH, 2011 WL 7025915, at *11 (N.D. Ga. Dec. 7, 2011)(citing 15 U.S.C. § 1640(e)), adopted by *Jones v. Home America Mortg. Inc.*, 2012 WL 113556 (N.D. Ga. Jan. 12, 2012).

Plaintiff's Complaint was filed on December 13, 2013, more than a year after Plaintiff's claim accrued, and therefore, Plaintiff's TILA claim should be dismissed. *See Joseph v. Newport Shores Mortg., Inc.*, No. 1:05-CV-0904-WSD, 2006 WL 1911059 (N.D. Ga. Jan. 31, 2006), adopted by *Joseph v. Newport Shores Mortg.*, 2006 WL 418293 (N.D. Ga. Feb. 21, 2006); *Cooke v. BAC Home Loans Servicing*, No. 1:11-CV-2126-TWT, 2011 WL 4975386 (N.D. Ga. Oct. 18, 2011); *Jones*, 2011 WL 7025915, at * 11.[2]

---

[2] Even if Plaintiff's TILA claim was not time-barred, Plaintiff has failed to state a claim for relief. Plaintiff merely restates the statutory text of 15 U.S.C. § 1641(g), without providing any factual support as to why U.S. Bank violated the statute. Moreover, while Plaintiff seeks statutory, actual, or punitive damages,

### 2. Plaintiff lacks standing to challenge the assignment of the loan.

Plaintiff's Response primarily challenges the assignment of his loan to U.S. Bank. Plaintiff is not a party to the assignment and, therefore, does not have standing to contest the validity of the assignment of the loan to U.S. Bank. *Edward v. BAC Home Loans Servicing, L.P.*, 534 Fed. App'x 868, 891 (11th Cir. 2013); *Moore v. McCalla Raymer, LLC*, 916 F. Supp. 2d 1332, 1344 (N.D. Ga. 2013); *Peterson v. Merscorp Holdings, Inc.*, No. 1:12-CV-00014-JEC, 2012 WL 3961211, at *10 (N.D. Ga. Sept. 10, 2012) ("[C]ourts have repeatedly rejected the argument that a homeowner has standing to challenge the assignment of a security deed which grants the assignor a power of sale."). Plaintiff's arguments regarding the assignment of the loan to U.S. Bank are meritless and do not support his time-barred TILA claim.

### B. Plaintiff should not be permitted to amend the Amended Complaint.

Plaintiff may not amend his Complaint and Amended Complaint as a matter of right because more than 21 days has passed since U.S. Bank filed its first 12(b) motion. *See* [Doc. 12]; Fed. R. Civ. Pro. 15(a)(1)(B). Plaintiff may only amend with leave of court pursuant to Fed. R. Civ. P. 15(a)(2). Leave to amend should be

---

Plaintiff does not allege that these damages were caused by U.S. Bank's alleged failure to notify Plaintiff regarding the assignment of his loan.

given only when justice so requires.  The Court "need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Futility justifies the denial of leave to amend when the proposed amended complaint would be subject to dismissal." *Edward* , 534 Fed. App'x at 891 (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)); *see also Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004). "[J]ustice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008).

Here, Plaintiff does not attach a proposed amendment to his Complaint and Amended Complaint. Instead, he merely requests the Court grant him to leave to amend. Plaintiff has already filed an Amended Complaint. Further, only two claims remained after the Court's *sua sponte* frivolity review of Plaintiff's Amended Complaint – Plaintiff's TILA claim against U.S. Bank and Plaintiff's

Fair Debt Collections Practice Act claim against McCurdy & Candler. Plaintiff's TILA claim is time-barred and no amendment to his Amended Complaint would correct this deficiency. Because any amendment would be futile, this Court should not permit Plaintiff to file another amended complaint.

## III.   CONCLUSION

For the reasons outlined above, and in U.S. Bank's Motion to Dismiss, Plaintiff has failed to state a TILA claim against U.S. Bank and his claim should be dismissed.

[Signature on following page]

Respectfully submitted, this 25th day of August, 2014.

                                          **/s/ Christopher S. Anulewicz**
                                          Christopher S. Anulewicz
                                          Georgia Bar No. 020914
                                          E-mail: canulewicz@balch.com
                                          Geremy Gregory
                                          Georgia Bar No. 885342
                                          E-mail: ggregory@balch.com

                                          **BALCH & BINGHAM LLP**
                                          30 Ivan Allen Jr. Blvd. N.W., Suite 700
                                          Atlanta, GA 30308
                                          Telephone: (404) 261-6020
                                          Facsimile: (404) 261-3656

                                          ATTORNEYS FOR DEFENDANT
                                          U.S. BANK NATIONAL ASSOCIATION

## **CERTIFICATE OF COUNSEL REGARDING FONT SIZE**

Counsel certifies that the foregoing has been prepared using Times New Roman font size 14 in accordance with Local Rules 5.1(B)(3) and 7.1(D).

This 25th day of August, 2014.

                                              **/s/ Christopher S. Anulewicz**
                                              Christopher S. Anulewicz
                                              Georgia Bar No. 020914

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been filed with the Clerk of Court using the CM/ECF system and served upon the following by U.S. Mail, properly addressed and postage prepaid, on this the 25th day of August, 2014:

> Ken Joseph
> 596 Middleton Place
> Grayson, GA 30017

**/s/ Christopher S. Anulewicz**
Christopher S. Anulewicz
Georgia Bar No. 020914