IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEN JOSEPH, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:13-cv-04122-WBH-RGV |
| MCCURDY & CANDLER, *et al.*, | |
| Defendants. | |

**MAGISTRATE JUDGE'S FINAL REPORT,
RECOMMENDATION, AND ORDER**

Defendants U.S. Bank National Association ("U.S. Bank") and McCurdy & Candler, LLC ("McCurdy"), collectively referred to as "defendants," have filed motions to dismiss, [Docs. 23 & 27],[1] *pro se* plaintiff Ken Joseph's ("plaintiff") amended complaint, which plaintiff opposes, [Docs. 25 & 31]. Plaintiff has also requested leave to amend his complaint should the Court determine that he has failed to state a claim, [Doc. 25 at 17; Doc. 31 at 30],[2] which U.S. Bank opposes, [Doc.

---

[1] The listed document and page numbers in citations to the record refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

[2] Plaintiff has specifically requested that the Court provide him an opportunity to amend his complaint, see [Doc. 25 at 17; Doc. 31 at 30], although via an improper method since he has made the request only in his responses to the motions to dismiss, see Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999) (per curiam) (noting that including a request to amend in a memorandum in opposition to a motion to dismiss was improper and that filing a motion "is the proper method to request leave to amend a complaint"). Nevertheless, in view of plaintiff's *pro se* status, the Court will evaluate whether he should be granted leave to amend his

30 at 5-7]. For the following reasons, plaintiff's request for leave to amend is hereby **DENIED**, and it is **RECOMMENDED** that defendants' motions to dismiss, [Docs. 23 & 27], be **GRANTED**, and that plaintiff's amended complaint be **DISMISSED WITH PREJUDICE**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of foreclosure proceedings involving real property located at 596 Middleton Place, Grayson, Georgia, 30017 (the "subject property").[3] See [Doc. 4 at 3 ¶ 6]. On January 10, 2007, plaintiff and Glenda Joseph executed a promissory note in favor of Bayrock Mortgage Corporation ("Bayrock"), to secure the indebtedness for the purchase of the subject property in the principal amount of $260,000.00. See [id. at 5 ¶¶ 15-16]; see also [Doc. 15-1 at 5-35; Doc. 27 at 2].[4] In order

---

complaint.

[3] Unless otherwise indicated, the facts are taken from plaintiff's amended complaint and the parties' filings, and do not constitute findings of fact by the Court.

[4] In support of its initial motion to dismiss, McCurdy submitted exhibits, including the note and security deed for the subject property. See [Doc. 15-1]. Additionally, U.S. Bank has attached as exhibits to its renewed motion to dismiss the documentation of its assignment. See, e.g., [Docs. 23-2 & 23-3]. Generally, the Court "may not consider matters outside the pleadings without converting the motion to a motion for summary judgment." Redding v. Tuggle, No. 1:05-cv-2899-WSD, 2006 WL 2166726, at *5 (N.D. Ga. July 31, 2006), adopted at *1; see also Omega Patents, LLC v. Lear Corp., No. 6:07-cv-1422-Orl-31DAB, 2008 WL 821886, at *1 (M.D. Fla. Mar. 20, 2008). However, the documents presented as exhibits are public documents, and "a district court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion." Halmos v.

to secure repayment for the loan, plaintiff executed a security deed, conveying the subject property to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Bayrock. [Doc. 4 at 5 ¶ 15]; see also [Doc. 27 at 2].

On August 5, 2009, MERS assigned and transferred its rights, title, and interest in the security deed to U.S. Bank, as evidenced by an assignment recorded on August 17, 2009, at Deed Book 49660, Page 151, of the Gwinnett County, Georgia, real estate records (the "assignment"). See [Doc. 23-2]. However, because this assignment contained a typographical error, a corrective assignment was executed on July 9, 2012, which was recorded on July 18, 2012, at Deed Book 51505, Page 170, of the Gwinnett County, Georgia, real estate records (the "corrective assignment"). See [Doc. 23-3 (noting that the corrective assignment was recorded to correct the name of the assignee)].

Plaintiff fell behind on his monthly payments, and by reason of that default, non-judicial foreclosure proceedings were commenced against the subject property. See [Doc. 4 at 6 ¶¶ 21-25, 7 ¶¶ 27-29, 8 ¶ 30]. In particular, plaintiff alleges that he

---

Bomardier Aerospace Corp., 404 F. App'x 376, 377 (11th Cir. 2010) (per curiam) (unpublished) (citations omitted); see also Young v. City of Augusta ex. rel DeVaney, 59 F.3d 1160, 1166 n.11 (11th Cir. 1995). Accordingly, the Court will consider the exhibits at this stage without converting the motions to dismiss into motions for summary judgment. See Metal Morphosis, Inc. v. Acorn Media Publ'g, Inc., 639 F. Supp. 2d 1367, 1374 (N.D. Ga. 2009) (citing Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005)).

received an initial notice from McCurdy dated November 12, 2013, advising him that McCurdy represented U.S. Bank and was attempting to collect a debt plaintiff owed to U.S. Bank, and that he also received a second notice from McCurdy that was likewise dated November 12, 2013, titled "Notice of Acceleration & foreclosure sale," which advised him that "The Secured Creditor ha[d] referred [his] Loan to [McCurdy] for foreclosure."  [Id. at 6 ¶¶ 22-24, 7 ¶¶ 27-28, 8 ¶ 30 (internal marks omitted)].[5]

On December 13, 2013, plaintiff filed a civil action against defendants and Nationstar Mortgage, LLC ("Nationstar"),[6] alleging violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq., the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. [Docs. 1 & 2].  Plaintiff was granted leave to proceed *in forma pauperis*, see [Doc. 3], but due to the conclusory nature of the allegations in his complaint and because he had failed to adequately state a claim that was plausible on its face, see [id. at 3-5], on December 27, 2013, this Court ordered plaintiff to file an amended complaint within fourteen days, addressing the

---

[5] Plaintiff makes specific allegations as to the contents of these notices; see generally [Doc. 4]; however, the actual notices are not attached to the amended complaint and are not before the Court.

[6] It appears that Nationstar was the servicer of the mortgage loan at issue. See [Doc. 4 at 31].

deficiencies noted in the Order, and complying with the Federal Rules of Civil Procedure, see [Doc. 3].  Plaintiff filed an amended complaint on January 10, 2014, [Doc. 4], and, following a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2), plaintiff's TILA claim asserted against U.S. Bank and his FDCPA claim asserted against McCurdy based on the November 12, 2013, notices sent to him were allowed to proceed, but all remaining claims, including any claims asserted against Nationstar, were dismissed without prejudice, see [Docs. 5, 6, & 7].  Defendants moved to dismiss plaintiff's amended complaint, see [Docs. 12 & 15]; however, the Court denied those motions without prejudice on July 15, 2014, since neither defendant had waived service or yet been served, see [Doc. 20]. Subsequently, U.S. Bank waived service, see [Doc. 22], and it appears McCurdy was served on August 11, 2014, see [Doc. 28], and defendants now renew their motions to dismiss plaintiff's amended complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, [Docs. 23 & 27], which plaintiff opposes, [Docs. 25 & 31].  Alternatively, plaintiff seeks leave to amend his complaint, see [Doc. 25 at 17; Doc. 31 at 30], which U.S. Bank opposes, [Doc. 30 at 5-7].  The pending motions, having been fully briefed, are now ripe for ruling.

## II.  DISCUSSION

### A.  Defendants' Motions to Dismiss, [Docs. 23 & 27]

#### 1.  *Standard*

Defendants move to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  [Docs. 23 & 27].  In considering a motion to dismiss, the Court must accept plaintiff's allegations as true and construe the amended complaint in his favor.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).[7]

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations and internal

---

[7] "However, the court need not 'accept as true a legal conclusion couched as a factual allegation.'"  Smith v. Delta Air Lines, Inc., 422 F. Supp. 2d 1310, 1324 (N.D. Ga. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).  "Additionally, '[c]onclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint.  If the appended document . . . reveals facts which foreclose recovery as a matter of law, dismissal is appropriate.'"  Id. (alteration in original) (footnote omitted) (quoting Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974)) .  Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent in the Eleventh Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," id. at 555 (footnote and citation omitted), as the complaint must contain "enough facts to state a claim to relief that is plausible on its face," id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The Supreme Court in Iqbal held:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"–"that the pleader is entitled to relief."

Id. at 678-79 (citations and internal marks omitted). "Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." Moore v. McCalla Raymer, LLC, Civil Action File No. 1:12–CV–1714–TWT, 2013 WL 28253, at *6 (N.D. Ga. Jan. 2, 2013), adopted at *1 (citations and internal marks omitted).[8]

---

[8] Although *pro se* pleadings are governed by less stringent standards than pleadings prepared by attorneys, see Haines v. Kerner, 404 U.S. 519, 520 (1972); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), *pro*

7

The Court applies these standards in ruling on the pending motions to dismiss, [Docs. 23 & 27], plaintiff's amended complaint.

**2.**     *Analysis*

U.S. Bank contends that plaintiff's TILA claim asserted against it is barred by the applicable statute of limitations, [Doc. 23-1 at 3-4], and McCurdy contends that plaintiff's FDCPA claim asserted against it fails as a matter of law, [Doc. 27 at 4-5]. The Court will address each of these arguments.

**a.**     **TILA Claim against U.S. Bank**

Plaintiff alleges that U.S. Bank violated 15 U.S.C. § 1641(g) of TILA. [Doc. 4 at 14-15 ¶¶ 57-58]. Section 1641(g) provides in relevant part:

> [N]ot later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including–(A) the identity, address, telephone number of the new creditor; (B) the date of transfer; (C) how to reach an agent or party having authority to act on behalf of the new creditor; (D) the location of the place where transfer of ownership of the debt is recorded; and (E) any other relevant information regarding the new creditor.

---

*se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this District's Local Rules, Grew v. Hopper, No. 2:07-cv-550-FtM-34SPC, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008); see also Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005) (per curiam) (unpublished) (citation omitted) (stating "[a]lthough we construe them liberally, *pro se* complaints also must comply with the procedural rules that govern pleadings").

8

15 U.S.C. § 1641(g).  Plaintiff alleges that U.S. Bank violated § 1641(g) because it failed to provide him notice within 30 days of becoming his creditor. [Doc. 4 at 14-15 ¶¶ 57-58].  However, "[a] borrower must bring an action for damages based on a faulty disclosure within one year from the date the violation occurs." Knowles v. HBSC Bank USA, No. CV–11–J–1953–S, 2012 WL 2153436, at *3 (N.D. Ala. June 8, 2012) (citation omitted) (citing 15 U.S.C. § 1640(e)). A § 1641(g) claim accrues for limitations purposes not on the date of the transfer, but upon expiration of the 30-day statutory period for the requisite disclosures, such that the one-year statute of limitations period begins to run 30 days after the transfer that triggered the disclosure obligation. Squires v. BAC Home Loans Servicing, LP, Civil Action No. 11–0413–WS–M, 2011 WL 5966948, at *2 (S.D. Ala. Nov. 29, 2011).  Thus, plaintiff was required to file his TILA claim against U.S. Bank within one year from the expiration of the 30-day statutory period for the requisite disclosure.

MERS assigned and transferred its rights, title, and interest in the security deed to U.S. Bank on August 5, 2009, as evidenced by the assignment recorded on August 17, 2009.  See [Doc. 23-2].  However, because this assignment contained a typographical error, a corrective assignment was executed on July 9, 2012, which was recorded on July 18, 2012.  See [Doc. 23-3].  Even if the Court assumed that plaintiff's claim accrued at the latest on August 8, 2012, (i.e., 30 days from the

9

executed corrected assignment on July 9, 2012), plaintiff did not commence this action until December 13, 2013, well over one year from the date plaintiff's claim accrued. Therefore, plaintiff's TILA disclosure claim is barred by the applicable statute of limitations.[9] Accordingly, it is **RECOMMENDED** that plaintiff's TILA claim asserted against U.S. Bank be **DISMISSED**.

---

[9] While plaintiff's TILA claims could be subject to equitable tolling, to establish that equitable tolling is warranted, plaintiff must show: (1) fraudulent concealment by the party invoking the statutory bar, and (2) his failure to discover the facts which are the basis of his cause of action despite (3) the exercise of due diligence on his part. Jankus v. Edge Investors, L.P., 619 F. Supp. 2d 1328, 1337 n.8 (S.D. Fla. 2009), withdrawn and superseded on reconsideration on other grounds, 650 F. Supp. 2d 1248 (S.D. Fla. 2009) (citations omitted); see also Williams v. Saxon Mortg. Servs., Inc., No. Civ.A. 06-0799-WS-B, 2007 WL 2828752, at *4 (S.D. Ala. Sept. 27, 2007). Plaintiff has failed to show that equitable tolling is warranted. Indeed, plaintiff's own assertions show that he was aware of the assignment to U.S. Bank at least by July 19, 2012, see [Doc. 25 at 9], yet he has failed to offer any explanation for his failure to timely file his TILA claim. Rather, he spends most of his brief challenging the assignment to U.S. Bank, see generally [Doc. 25]; however, as a stranger to the assignment, plaintiff lacks standing to challenge its validity, see McFarland v. BAC Home Loans Servicing, LP, Civil Action No. 1:11-CV-04061-RWS, 2012 WL 2205566, at *3 (N.D. Ga. June 14, 2012) (citation omitted) ("[A]s a stranger to the Assignment contract, Plaintiff lacks standing to challenge it."); see also Adams v. Mortg. Elec. Registration Sys. Inc., Civil Action No. 1:11-CV-04263-RWS, 2012 WL 1319453, at *8 (N.D. Ga. Apr. 16, 2012) (citation omitted) (denying leave to amend complaint to add wrongful foreclosure claim challenging corrective assignment because plaintiff was not party to the corrective assignment and thus had no standing to challenge its validity); Bandele v. Duetsche Bank Nat'l Trust Co., Civil Action File No. 1:11-CV-4257-TWT, 2012 WL 1004990, at *2 (N.D. Ga. Mar. 22, 2012) (citation omitted); Breus v. McGriff, 413 S.E.2d 538, 539 (Ga. Ct. App. 1991) ("[S]trangers to the assignment contract . . . have no standing to challenge its validity."). Thus, plaintiff's TILA claim asserted against U.S. Bank is time-barred and equitable tolling is simply not warranted in this case. See Hayes v. U.S. Bank Nat'l Ass'n, No. 13–80610–CIV, 2014 WL 2938534, at *3 (S.D. Fla. June 30, 2014).

### b. FDCPA Claim against McCurdy

Plaintiff asserts that McCurdy violated the FDCPA by identifying U.S. Bank as the secured creditor in the two November 12, 2013, notices sent to him. See [Doc. 4 at 11 ¶¶ 45-46, 12 ¶¶ 49-50]; see also [Doc. 31 at 20 ¶¶ 60-62 (internal marks omitted) (asserting that the letter "falsely identified [U.S. Bank] [a]s the [c]reditor")]. McCurdy moves to dismiss this claim, arguing that plaintiff's assertions are belied by matters of public record. [Doc. 27 at 4-5].

The purpose of the FDCPA is "'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" Owen v. I.C. Sys., Inc., 629 F.3d 1263, 1270 (11th Cir. 2011) (quoting 15 U.S.C. § 1692(e)). "In order to prevail on a FDCPA claim, a [p]laintiff must prove that: '(1) [he] has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Diaz v. Fla. Default Law Grp., P.L., No. 3:09–cv–524–J–32MCR, 2011 WL 2456049, at *2 (M.D. Fla. Jan. 3, 2011) (alteration, citations, and internal marks omitted).

"Although the FDCPA contains no clear definition of what constitutes 'debt collection activity,' '[t]o collect a debt or claim is to obtain payment or liquidation of it, either by personal solicitation or legal proceedings.'" Id. (alteration in original) (citation omitted) (quoting Heintz v. Jenkins, 514 U.S. 291, 294 (1995)). However, "[t]he Eleventh Circuit has held . . . that 'enforcement of a security interest through the foreclosure process is not debt collection for purposes of the Act.'" Id. (footnote omitted) (quoting Warren v. Countrywide Home Loans, Inc., 342 F. App'x 458, 460-61 (11th Cir. 2009) (per curiam) (unpublished)); see also Handfield v. Wells Fargo Bank, N.A., Civil Action No. 1:12–CV–01080–RWS–LTW, 2013 WL 1501942, at *6 (N.D. Ga. Jan. 23, 2013), adopted by 2013 WL 1501940, at *1 (N.D. Ga. Mar. 6, 2013); Hasbun v. Recontrust Co., N.A., No. 11–60488–CIV, 2011 WL 3837158, at *2 (S.D. Fla. Aug. 24, 2011) (distinguishing between the "enforcement of security interests" and the "collection of a debt" as fundamentally different activities); Beadle v. Haughey, No. Civ.04-272-SM, 2005 WL 300060, at *3 (D.N.H. Feb. 9, 2005) (citing Rosado v. Taylor, 324 F. Supp. 2d 917, 924 (N.D. Ind. 2004)) (same). Consistent with Warren, the Court finds that foreclosure on a mortgage does not qualify as "debt collection" under the FDCPA.

However, the Eleventh Circuit has recently ruled that in certain circumstances, actions taken in the course of foreclosing on a mortgage can go

12

beyond those necessary to foreclose on the security interest and become attempts to collect on the underlying debt, therefore amounting to debt collection activity within the meaning of the FDCPA. See <u>Reese v. Ellis, Painter, Ratterree & Adams, LLP</u>, 678 F.3d 1211, 1217 (11th Cir. 2012) (per curiam); <u>Bourff v. Rubin Lublin, LLC</u>, 674 F.3d 1238, 1241 (11th Cir. 2012) (per curiam). Under these recent rulings, McCurdy's actions may implicate the FDCPA if they were an attempt not just to enforce U.S. Bank's security interest, but to collect a debt. See <u>Rousseau v. Bank of N.Y.</u>, Civil Action No. 08-cv-00205-PAB-BNB, 2009 WL 3162153, at *8 (D. Colo. Sept. 29, 2009) (citations omitted) (recognizing that even when a security interest is involved, "where there is some attempt to collect money in addition to the enforcement of a security interest, an FDCPA claim will lie, at least for the conduct related to the money collection"); <u>see also</u> <u>Reese</u>, 678 F.3d at 1217-28 (finding a communication can have dual purposes even where a law firm intended the letter and documents sent to debtor to give notice of foreclosure where they also demanded payment on the underlying debt); <u>Bourff</u>, 674 F.3d at 1241; <u>Beadle</u>, 2005 WL 300060, at *3.

Assuming, without deciding, that the November 12, 2013, notices constitute "debt collection activity" under the FDCPA, plaintiff has still failed to adequately allege that McCurdy engaged in any acts prohibited by the FDCPA. Plaintiff alleges that McCurdy violated the FDCPA by sending the notices because the notices were

false and misleading communications sent in an attempt to collect a debt that falsely identified U.S. Bank as the secured creditor. Under § 1692e of the FDCPA, a debt collector is prohibited from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Similarly, § 1692f prohibits a debt collector from using any "unfair or unconscionable means to collect . . . any debt." 15 U.S.C. § 1692f. Plaintiff appears to allege that identifying U.S. Bank as "the secured creditor" in the notices violates both of these provisions because it is a false representation unconscionably used to collect a debt from plaintiff. See generally [Doc. 4 at 16 ¶ 63]. However, the representation that U.S. Bank was the secured creditor does not amount to a false, deceptive, or misleading representation based on the pleadings and property records before the Court. Indeed, the assignment to U.S. Bank was executed on August 5, 2009, recorded on August 17, 2009, and corrected on July 9, 2012, which was also recorded on July 18, 2012, see [Docs. 23-2 & 23-3], prior to plaintiff receiving the communications from McCurdy on November 12, 2013, see [Doc. 4 at 6 ¶¶ 23-24, 7 ¶¶ 27-28]. Accordingly, U.S. Bank was the secured creditor of the mortgage, as stated in the November 12, 2013, notices, and based on the allegations of plaintiff's amended complaint and the property records before the Court, the undersigned finds that the statement in these notices that U.S. Bank was a secured

creditor cannot serve as the basis for plaintiff's claim that McCurdy used a false, deceptive, or misleading representation or unfair or unconscionable means to collect a debt under the FDCPA, see 15 U.S.C. §§ 1692e, 1692f.[10]  Thus, it is hereby **RECOMMENDED** that plaintiff's FDCPA claim asserted against McCurdy be **DISMISSED**.

B.  **Plaintiff's Alternative Request for Leave to Amend Complaint**

Plaintiff seeks leave to amend his complaint for a second time should the Court determine he has failed to state a claim.  See [Doc. 25 at 17; Doc. 31 at 30].[11]

---

[10] Plaintiff asserts that the statement that U.S. Bank was the secured creditor in the notice was misleading because U.S. Bank expressly advised him in a letter that it was merely the trustee for the Trust that owns the mortgage and note, and he therefore contends that U.S. Bank could not be the secured creditor.  See [Doc. 25 at 6 ¶ 16]; see also [Doc. 4 at 31].  However, as trustee, U.S. Bank, by way of the assignments, "holds legal title to the mortgages and notes for the benefit of [the Trust]" and therefore was the "holder of the mortgage," King v. Ocwen, No. 07–11359, 2009 WL 724062, at *4 (E.D. Mich. Mar. 18, 2009), adopted at *1, and "[t]rustees of deeds of trust are likewise treated like creditors under the FDCPA," Bever v. CitiMortgage, Inc., No. 1:11–cv–01584–AWI–SKO, 2014 WL 1577250, at *15 (E.D. Cal. Apr. 18, 2014) (citation omitted).  Therefore, plaintiff's contention is without merit.

[11] Plaintiff has not set forth the substance of any proposed amendment or submitted a copy of the proposed amended complaint for the Court's review, and "a plaintiff should not be allowed to amend [his] complaint without showing how the complaint could be amended to save the meritless claim."  United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1362 (11th Cir. 2006) (alteration in original) (citation and internal marks omitted).  Nevertheless, the Court will consider whether plaintiff should be allowed to amend his complaint with regard to the claims before the Court.

"[C]onsistent with Rule 15(a)'s mandate that 'leave shall be freely given when justice so requires,' district courts should generously allow amendments even when the plaintiff does not have the right to amend the complaint." Williams v. Bd. of Regents of the Univ. Sys. of Ga., 477 F.3d 1282, 1292 n.6 (11th Cir. 2007) (citations omitted) (quoting Fed. R. Civ. P. 15(a)). That is, "[a] district court should not deny leave to amend 'unless there is a substantial reason.'" Whitby v. Chertoff, Civil Action No. 5:08-CV-242 (HL), 2010 WL 431974, at *1 (M.D. Ga. Feb. 2, 2010) (quoting Burger King Corp. v. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999)).

Courts, however, need not grant an opportunity to amend where amendment would be futile. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); see also Muhammad v. JPMorgan Chase Bank, NA, 2014 WL 2210673, at *1 (11th Cir. May 29, 2014) (per curiam) (unpublished); Govan v. Pensions Annuities & Settlements LLC, 532 F. App'x 900, 901 (11th Cir. 2013) (per curiam) (unpublished). If it appears beyond doubt that plaintiff could not plead a claim for relief that is plausible on its face, an amendment would be futile. See Coates v. Natale, Civil Action No. 5:09-cv-423 (CAR), 2010 WL 749630, at *1-2 (M.D. Ga. Mar. 1, 2010); Ardaman & Assocs., Inc. v. Travelers Cas. & Surety Co. of Am., No. 3:08cv144/MCR, 2009 WL 161203, at *8 (N.D. Fla. Jan. 22, 2009). Granting plaintiff an opportunity to amend his complaint would be futile for

all the reasons previously discussed.[12] Fenello v. Bank of Am., N.A., 926 F. Supp. 2d 1342, 1353 (N.D. Ga. 2013) (citation and internal marks omitted) (noting that "[b]ecause justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim."). Accordingly, because plaintiff has already amended his complaint once, [Doc. 4], and any further amendment would clearly be futile, plaintiff's request for leave to amend his complaint again is hereby **DENIED**.

---

[12] Indeed, where a claim is barred by the applicable statute of limitations, amendment is futile. See Moore v. Baker, 989 F.2d 1129, 1131 (11th Cir. 1993). In addition, as the record shows here, plaintiff has failed to allege any facts indicating that U.S. Bank does not have the legal right to foreclose, and in fact, U.S. Bank has submitted documents showing the contrary and that it, through McCurdy, gave adequate notice under the FDCPA. See Muhammad, 2014 WL 2210673, at *3. Therefore, it does not appear that plaintiff would be able to state a claim against McCurdy under the FDCPA based on the notices McCurdy sent to plaintiff, and any amendment would therefore be futile. Id.

## III.  CONCLUSION

For the foregoing reasons, plaintiff's request for leave to amend his complaint is **DENIED,** and it is **RECOMMENDED** that defendants' motions to dismiss, [Docs. 23 & 27], be **GRANTED**, and that plaintiff's amended complaint be **DISMISSED WITH PREJUDICE**.

The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO ORDERED** and **RECOMMENDED,** this 18th day of September, 2014.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE